## JOHN McKAY v. G. S. BARLOW.

### (No. 3171.)

APPEAL from Aransas County.     Opinion by WHITE, P. J.

M. J. HATHAWAY and C. F. BAILEY, counsel for appellant.

No counsel appeared for appellee.

§ 299. *Judgment by default; cannot be taken on appearance day.* This suit was instituted in the county court upon a verified itemized account for $393.13. Judgment by default was taken on the second day of the appearance term of the court. An answer was regularly filed on the same day the judgment by default was taken, but subsequent thereto. On the succeeding day a motion for a new trial was filed, setting up various defenses which were claimed to be meritorious, and also showing cause why the court erred in rendering judgment by default, it being contended that the time in which to answer had not expired on the second day. Can a judgment by default be rendered on the second day of the county court? Evidently the action of the court was based upon its construction of the act of the twenty-second legislature as found in the general law of 1891, page 94, as follows: "Art. 1280. The second day of each term of the district or county court is appearance day." The article quoted is an amendment to article 1280 of the Revised Statutes, which reads as follows: "The fifth day of each term of the district court and the third day of each term of the county court are termed appearance days." It is further provided by the Revised Statutes, article 1281: "It shall be the duty of the court on appearance day of each term, or as soon thereafter as may be practicable, to call in their order all the cases on the docket which are returnable to such term. [Art.

1282.] Upon the call of the appearance docket, or at any time after appearance day, the plaintiff may take judgment by default against any defendant who has been duly served with process, and who has not previously filed an answer." Article 1263 provides: "In all cases in which the citation has been personally served at least five [now ten days under the last amendment,— 1891] days before the first day of the term to which it is returnable, exclusive of the day of service and return, the answer of defendant shall be filed in the district court on or before the fifth day of the return term, and in the county court on or before the third day of the return term." These are the provisions of our statute with reference to appearance days and judgments by default as they existed prior to the adoption of the amendment as above set out. In construing these statutes together, and because repeals by implication are not favored in law, we are of opinion that under the amendment the party would have the whole of the second day in which to file his answer; and, while the appearance docket is called on that day, still judgment by default cannot be taken until the third day, as is provided by article 1263. Because the court erred in rendering judgment by default on the second day, and in failing to grant a new trial, defendant having filed his answer on the second day, the judgment is reversed and the cause remanded.

March 5, 1892.          Reversed and remanded.