## ANDRUS v. ANDRUS.

### No. 2329.

Court of Civil Appeals of Texas. Eastland.

Feb. 4, 1943.

Geo. M. Ritchie, of Mineral Wells, for plaintiff in error.

Homer T. Bouldin, of Mineral Wells, for defendant in error.

LESLIE, Chief Justice.

Abner M. Andrus sued Gladys Andrus for annulment of their marriage. The petition alleged marriage of parties in Wisconsin July 9, 1941, their arrival at Mineral Wells July 12th and defendant's separation from plaintiff August 27, 1941, and her return to Milwaukee, Wisconsin, her alleged residence. Fraud is charged as the basis for annulment.

Default judgment annulling the marriage was taken December 12, 1941. That judgment is by writ of error presented to this court for review. Defendant was served with nonresident notice and made no appearance at the trial.

Error in judgment is predicated on three points: (1) that judgment taken December 12, 1941, was premature and erroneous, (2) that suit for annulment, being a personal action, judgment taken on nonresident notice was erroneous, and (3) allegations of petition stated no cause of action.

Citation for personal service was issued (under Rule 108) at Palo Pinto November 18, 1941, and the return thereof bore the endorsement: "Received Sheriff's Office 1941 November 21 A. M. 10:33 Milwaukee County, Wisconsin." Affidavit of service made by deputy sheriff at Milwaukee County on November 24, 1941, recited service of citation on defendant November 18, 1941, in City of Milwaukee, Wisconsin.

Assuming citation was served on defendant on the same date (November 18th) it was issued by the district clerk of Palo Pinto County, the return date under Rule 101, Texas Rules of Civil Procedure, was December 15, 1941. That rule commands the defendant so served "to appear and answer the plaintiff's petition at or before 10 o'clock a. m. of the Monday next after the expiration of 20 days from the date of service thereof." Rule 15 is to same effect. See Rule 4 also.

■ With due regard for said rules, 20' days form November 18th, date of service, is December 8, 1941. "Monday next after the expiration of 20 days from the date of service" was December 15, 1941, the earliest date at which judgment could have been taken in compliance with said rules. The judgment taken December 12th was premature, and therefore erroneous.

■ Judgment by default entered before the time at which a defendant is commanded by the citation to appear and answer is erroneous and must be set aside. The principle was applied in a similar state of facts in Oden & Co. v. Vaughn Grocery Co., 77 S.W. 967, where the court used this language: "It thus appears from the record that the judgment complained of was rendered four days before the time at which the citation served on the defendants commanded them to answer plaintiff's suit. To hold that a judgment by default rendered before the time the defendant was cited to appear and answer is binding upon such defendant would be, in effect, to

deny him his day in court, and is abhorrent to every principle of enlightened jurisprudence, and it requires no citation of authority to sustain the proposition that a judgment so rendered cannot be affirmed."

It is unnecessary to discuss the other point. In the absence of special exceptions, we are constrained to hold that the petition stated a cause of action. McCullough v. McCullough, 120 Tex. 209, 36 S.W.2d 459. See 38 C.J. pages 1350, 1300. For reasons assigned, the judgment of the trial court is reversed and the cause remanded.