**J. G. LONDON, Appellant,**

v.

**Rosa Mae CHANDLER et al., Appellees.**

No. 7722.

Court of Civil Appeals of Texas.

Texarkana.

March 1, 1966.

Rehearing Denied March 29, 1966.

Lowell C. Holt, Gilmer, for appellant.

Fred H. Benners, Dallas, for appellees.

FANNING, Justice.

Appellees sued appellant and appellant was duly cited on Jan. 27, 1965, to appear by filing a written answer to plaintiffs' petition at or before 10:00 o'clock A.M. on the Monday next after the expiration of twenty (20) days following Jan. 27, 1965, in the 14th Judicial District of Texas, at the Courthouse in the City of Dallas, Dallas County, Texas. No answer having been made or filed by defendant-appellant by 12 o'clock noon on Monday, February 22, 1965, plaintiffs presented their cause to the court, whereupon a judgment was entered by the court cancelling and setting aside a deed from plaintiffs to defendant, as prayed for by plaintiffs in their pleadings. On July 31, 1965, appellant filed an application for writ of error to the Dallas Court of Civil Appeals seeking to set aside said judgment. On equalization of dockets the cause was transferred to this court.

Appellant presents two points on appeal, which are as follows:

## "FIRST POINT

"The error of the trial court in rendering a default judgment against Appellant because the citation served upon appellant was insufficient in that the date of issuance of citation was not shown thereon.

## "SECOND POINT

"The error of the trial court in rendering a default judgment against Appellant on February 22, 1965, a legal holiday."

Rule 101, Texas Rules of Civil Procedure, provides as follows:

"The citation shall be styled 'The State of Texas' and shall be directed to the defendant and shall command him to appear by filing a written answer to the plaintiff's petition at or before 10 o'clock a. m. of the Monday next after the expiration of 20 days after the date of service thereof, stating the place of holding the court. It shall state the date of the filing of the petition, its file number and the style of the case, and the date of issuance of the citation, be signed and sealed by the clerk, and shall be accompanied by a copy of plaintiff's petition. The citation shall further direct that if it is not served within 90 days after date of its issuance, it shall be returned unserved. The party filing any pleading upon which citation

is to be had shall furnish the clerk with a sufficient number of copies thereof for use in serving the parties to be served, and when the copies are so furnished the clerk shall make no charge therefor. Amended by order of September 20, 1941, effective December 31, 1941; and by order of October 10, 1951, effective March 1, 1952."

The body of the citation served upon appellant clearly shows the date of issuance as follows:

"Given under my hand and the Seal of said Court this the *19th* day of *January,* 1965.

ATTEST: BILL SHAW

Clerk of the District Courts of Dallas County, Texas
By /s/ Jean Hamel, Deputy"

However, the space on the outside cover of the citation for date of issuance was not filled in. Since the date of issuance of the citation was clearly shown in the body of the citation, we hold that the citation was sufficient. Appellant's first point is overruled.

Monday, February 22, 1965, was a statutory legal holiday in Texas. Art. 4591, Vernon's Ann.Civ.St.

Court proceedings on a legal holiday are not void, except where expressly so declared by statute, as they are when performed on Sunday. Houston, E. & W. Tex. Ry. Co. v. Harding, 63 Tex. 162.

Following service on January 27, 1965, appellant in accordance with the citation command had 26 days in which to answer the suit. The last day to file his answer was not on the last day of any period of time of so many days, but rather, was at a specific time on a specifically designated day, which was in fact, Monday, February 22, 1965. Rule 4, T.R.C.P., is not pertinent to the situation here involved. In this connection see Pearl Assurance Co. v. Williams, Tex.Civ.App., 167 S.W.2d 808, no writ (1943).

Since appellant did not file an answer by 10:00 o'clock a. m. on Monday, Feb. 22, 1965, the trial court, at 12:00 o'clock noon on Monday, Feb. 22, 1965, in entering the judgment in question, was clearly authorized to do so under Rule 239, T.R.C.P., and the trial court's rendition of judgment on Monday, Feb. 22, 1965, a legal holiday, was not void. Houston, E. & W. Tex. Ry. Co. v. Harding, 63 Tex. 162. Appellant's second point is overruled.

The judgment of the trial court is affirmed.