Rene Tomas RAMIREZ, Appellant,

v.

Lydia Albesa RAMIREZ, Appellee.

No. 6626.

Court of Civil Appeals of Texas, El Paso.

Aug. 17, 1977.

Rehearing Denied Sept. 21, 1977.

Canales & Barrera, Charles L. Barrera, Alice, for appellant.

James S. Bates, Edinburg, for appellee.

OPINION

STEPHEN F. PRESLAR, Chief Justice.

This appeal involves the validity of a default judgment rendered prior to the appearance day of the Defendant. The judgment appealed from overruled the Defendant/Appellant's Bill of Review. We reverse the judgment of the trial Court.

Suit for divorce was filed on October 9, 1975, and Appellant was served with cita-

tion on December 2, 1975. On December 12th, the Court heard the matter and granted judgment of divorce for the Appellee. Rule 101, Tex.R.Civ.P., provides that citation shall command the Defendant to appear by filing a written answer to the Plaintiff's petition on or before 10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service thereof. Appellant's appearance date, then, did not mature until December 22, 1975. Rule 239, Tex.R.Civ.P., determines when judgment by default may be had. By that rule, judgment by default can be had at any time after a defendant is required to answer if he has not previously filed an answer. It provides further that the citation with the officer's return shall have been on file with the Clerk for the length of time required by Rule 107, Tex.R. Civ.P. The citation in this case had not been on file the required 10 days, under Rule 107, Tex.R.Civ.P.

It is held that a judgment entered before expiration of the minimum time for an answer to be filed is void. In *Surety Insurance Company of California v. State,* 514 S.W.2d 454 (1974), the Texas Court of Criminal Appeals, in a bond forfeiture case which is tried under the Rules of Civil Procedure, held:

"The default judgment before us for review was entered on October 15th, fourteen days after service of citation. Answers, both denominated original answers, were filed on October 23rd and October 29th. A judgment entered before the expiration of the minimum time required by the Rules for an answer to be filed is void. *Lamesa Rural High School District v. Speck et al.,* 253 S.W.2d 315 (Tex.Civ.App.1952, writ ref. n. r. e.); *Andrus v. Andrus,* 168 S.W.2d 891 (Tex.Civ. App.1943, no writ); cf. *Wilson et al. v. Wilson et al.,* 378 S.W.2d 156 (Tex.Civ. App.1964, no writ)."

The default judgment of December 12, 1975, was void and the District Court erred in not granting Appellant's Bill of Review. The judgment denying the Bill of Review is reversed and the cause is remanded to the trial Court.