Gerald R. PROCTOR, et al., Appellants,

v.

Edward J. GREEN, Appellee.

No. 01–84–73–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

June 21, 1984.

Darrel E. Reed, Jr., A.J. Dyess, Jr., Thomas H. Lee, Foreman & Dyess, Houston, for appellants.

Michael A. McEnrue, Brink, Mosier, Fitzgerald, McEnrue, Stephanow & Licata, Houston, for appellee.

Before EVANS, C.J., and BULLOCK and WARREN, JJ.

## OPINION

WARREN, Justice.

This is an appeal by writ of error from a default judgment in a suit to revoke a contract for the sale of several businesses.

Appellant, Gerald R. Proctor, as president of Hickory Hut, Inc., contracted to sell the Corporation's interest in four barbeque restaurants to appellee, Edward J. Green. The contract provided that in consideration for the sale, Green would transfer certain rubies "with a $625,000.00 GIA appraised value" and would also assume the corporation's obligations under certain leases and subleases and pay off a $50,000.00 promissory note to a third party. Green subsequently brought this action against Proctor and Hickory Hut, Inc. to rescind the contract, alleging fraud in the inducement.

Copies of the original petition were served on both Proctor and Hickory Hut on June 13, 1983. About a month later, July 7, 1983, the trial court granted a default judgment, rescinding the contract and awarding Green $625,000, plus interest and attorney's fees. Later that same day, Proctor and Hickory Hut filed an answer, and thereafter, they filed a motion to set aside the default judgment. The trial judge initialed a docket entry and notations were made on the face of the default judgment which indicated a ruling that the de-

fault judgment was set aside; however, the judge never signed an order to that effect. In a separate mandamus action, *Green v. Salazar*, No. 01–83–787–CV, January 12, 1984, not published, this court held that the attempt to set aside the default judgment was ineffective, because there was no signed written order, and the trial court's attempt to reinstate the case should be vacated.

In accordance with the opinion in the mandamus action, the trial court vacated the order of reinstatement, and the case is now before the court on a petition for writ of error.

■ At the outset, the appellee contends that this court's earlier judgment in the mandamus action bars as res judicata the relief sought by appellant in this proceeding. We do not agree. In the cases relied upon by appellee, the subsequent litigation attempted to relitigate the same issue determined by a prior judgment. In this case, the only issue before the court in the mandamus action was whether the trial court had lost jurisdiction to reinstate the case. In the case at bar, the issues presented would not have been proper for consideration in the mandamus proceeding.

■ The appellee also moves to dismiss this writ of error proceeding, claiming that the writ fails to name all parties with interest adverse to appellant's position. We overrule this contention. In their petition for writ of error, the appellants seek to set aside the default judgment and have named all parties to the original suit. There is no indication in the record that any additional parties would be affected by a reversal or modification of the default judgment.

In the first point of error, appellants argue that the trial court erred in rendering default judgment prior to the due date of their answer. Tex.R.Civ.P. 101 provides that a defendant's written answer shall be filed "at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service (of the plaintiff's petition)." Appellants were served June 13, 1983. Thus, the 20-day period would expire Sunday, July 3, 1983. The date immediately following was Monday, July 4, 1983, a legal holiday. Tex.Civ.Stat. Ann. art. 4591 (Vernon Supp.1984). Appellants filed their answer July 7, 1983.

■ In computing any period of time prescribed or allowed by the rules, "the last day of the period so computed is to be included, unless it is a Saturday, Sunday or legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday, nor legal holiday." Tex.R.Civ.P. 4. A defendant has until the Monday following the expiration of 20 days to file an answer. When the twentieth day falls on Monday, the appearance day is the Monday of the following week. *Andrus v. Andrus*, 168 S.W.2d 891 (Tex.Civ.App.—Eastland 1943, no writ). Appellants assert that since the twentieth day fell on a Sunday, Rule 4 extended their time to file an answer to the following Monday, July 11. We disagree that Rule 4 is applicable to the intermediate period. *See London v. Chandler*, 400 S.W.2d 862 (Tex.Civ.App.—Texarkana, writ ref'd. on other grounds, 406 S.W.2d 203).

In *Pearl Assurance Co. v. Williams*, 167 S.W.2d 808 (Tex.Civ.App.—Fort Worth 1942, no writ), the court held that the twentieth day was to be included in the computation even though it fell on a Sunday. Citing the opinion of the Subcommittee on the Interpretation of the Rules, the court held that the 20-day intermediate timetable did not come under the purview of Rule 4, because: (1) the time period of 20 days between service and answer is a traditional period in Texas procedure and seems to be the principal interval which Rule 101 has in view; and (2) nothing has to be done on the twentieth day that requires the presence or aid of an official who would normally be unavailable on a Saturday, Sunday or legal holiday.

Upon the same rationale, we hold that because the twentieth day fell on a Sunday, the "Monday next" was the following day, July 4. Since that day was a legal holiday, Rule 4 extended the expiration day for filing an answer to Tuesday, July 5. Ap-

pellant's answer was not filed until July 7. Thus, the trial court's judgment signed earlier that day was not premature. Appellants' first point is overruled.

■ Appellants, in their second point of error, contend that the trial court erred in rescinding the contract, because appellee had not restored or offered to restore any of the consideration he received under the sale contract. In a petition for rescission of a contract, a plaintiff usually must aver that he has returned or offered to return any consideration received under the contract. *Casualty Reciprocal Exchange v. Bryan*, 101 S.W.2d 895 (Tex.Civ.App.—Eastland 1937, no writ). Appellee does not deny that there was no express offer to return consideration. However, he asserts that the pleadings contain a request to the court to restore consideration. An offer to restore the consideration may be made in the pleadings. *Permian Basin Life Insurance Co. v. Stuart*, 357 S.W.2d 615 (Tex. Civ.App.—Houston 1962, writ dism'd). In its original petition, the appellee prays for "restoration of the consideration." Additionally, in the body of his petition, appellee uses language such as: "If the foregoing contract is not rescinded ..." and in his prayer asks for "restoration of the consideration under the contract ...." We construe this to mean a tender of the business assets conferred under the contract. *See Hickman v. Cooper*, 210 S.W.2d 858 (Tex. Civ.App.—Eastland 1948, writ ref'd n.r.e.). This point is overruled.

In his third point, appellant argues that the award of a money judgment was improper, because there is no record of any evidence as to the value of the rubies and that such amount was unliquidated. He relies upon the rule that a default judgment for damages may not be rendered unless "the claim is liquidated and proved by an instrument in writing." Tex.R.Civ.P. 241.

■ We note that the record contains an affidavit from the court reporter indicating that she was not present and did not take notes at the hearing on the default judgment. Thus, if the lack of a record de-prives the appellant of his right to an adequate review of the evidence, the case must be remanded for a new trial. *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.* 525 S.W.2d 312 (Tex.Civ.App.—Dallas 1975, writ ref'd).

■ A suit for rescission of a contract is an equitable proceeding, and in granting such relief, the courts will generally try to restore the parties to their original status. *Texas Company v. State*, 154 Tex. 494, 281 S.W.2d 83 (1955); *Finch v. McVea*, 543 S.W.2d 449 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.). Restoration of the status quo usually involves restitution of the amount which would place the plaintiff in as good a position as he would have been if no contract had been made, and which restores to him the value of that with which he has parted in performing the contract. *Explorers Motor Home Corp. v. Aldridge*, 541 S.W.2d 851 (Tex.Civ.App.—Beaumont 1976, writ ref'd n.r.e.). In deciding whether the status quo may be restored, the court must consider the availability of the property or thing constituting the consideration for the contract. *Vandervoort v. Sansom*, 293 S.W.2d 271 (Tex.Civ.App.—Ft. Worth 1956, writ ref'd n.r.e.).

■ In the absence of a record, it is impossible to determine what evidence, if any, was presented concerning the availability of the rubies for restitution. Moreover, the lack of a record precludes review of the evidence, if any, presented as to the value of the rubies at the time the judgment was rendered. In this respect, the contract recital might constitute some evidence of the value which the parties placed on the rubies at the time the contract was executed, but it did not afford a basis for determining their value at the time of the default judgment. Between the time of the contract and the entry of judgment, the value of the rubies could substantially have increased or declined, and in the absence of proof as to their value at time of judgment, there was no basis for the court to use their value in adjusting the equities of the

parties. *See Chapapas v. Wiesehan,* 163 S.W.2d 847 (Tex.Civ.App.—San Antonio 1942, writ ref'd). We further note that there is no basis for review of the issue of attorney's fees, and the trial court's award of attorney's fees cannot be sustained. *Blumenthal v. Ameritex Computer Corp.,* 646 S.W.2d 283 (Tex.Civ.App.—Dallas 1983, no writ).

For the reasons stated, we sustain the appellant's third point of error.

The judgment of the trial court is reversed, and the cause is remanded for a new trial.