**Lamberto SOLIS, Appellant,**

v.

**Jose GARCIA, et al, Appellees.**

**No. C14–85–279–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 31, 1985.

Rehearing Denied Nov. 27, 1985.

James L. Ware, Otto D. Hewitt, III, of McLeod, Alexander, Powell, & Apffel, Houston, for appellant.

Frank T. Carmona, of Martin, Cruse, Garza & Bunce, Houston, for appellees.

Before JUNELL, ROBERTSON and CANNON, JJ.

## OPINION

CANNON, Justice.

Lamberto Solis appeals by writ of error from default judgment in a suit under the Wrongful Death Statute, TEX.REV.CIV. STAT.ANN. art. 4671 (Vernon Supp.1985), brought by Jose and Sylvia Garcia for the death of their son. Appellant complains that the trial court erred in entering default judgment because service and return of service were improper, the local rules of court prohibited the Family District Court from entering default judgment, default judgment was rendered before the answer date, and there is no evidence or alternatively, insufficient evidence to support the damage award of $154,481. We find that the trial court erred in assessing damages and reverse and remand for a new trial of damages only.

■ Appellant complains in his first four points of error that service of process was invalid. Appellant alleges the return of service is defective both in the appellant's name and the date of receipt of service. Appellant asserts that some of the letters and numbers in the name and the date on the return are illegible and can be read as being incorrect. Similar facts were presented to the court in *Popkowsi v. Gramza,* 671 S.W.2d 915, 918 (Tex.App.— Houston [1st Dist.] 1984, no writ). That court noted that the line of Texas authority holding that a mistake in the defendant's name on the citation requires reversal of a default judgment did not involve the determination of whether a symbol in the cita-

tion was one letter or another. Because there were no findings of fact or conclusions of law, the court presumed that the disputed letter was correct. We have carefully examined the citation in this case and conclude that citation can reasonably be construed as correct. Because there were no findings of fact and conclusions of law we presume that the trial court found in support of the judgment that the citation was correct.

■ Appellant also asserts that his copy of the citation did not have the date of delivery endorsed thereon as required by Rule 106(a)(1) of the Texas Rules of Civil Procedure. Appellant's proof of this allegation is his affidavit which was filed with his petition for writ of error. In a writ of error appeal the error must be apparent from the face of the record. *Brown v. McLennan County Children's Protective Services,* 627 S.W.2d 390, 392 (Tex.1982). The affidavit which was not filed with the trial court is not part of the face of the record and cannot be considered as a basis for reversal. *Tankard-Smith, Inc. General Contractors v. Thursby,* 663 S.W.2d 473 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.); *TXXN, Inc. v. D/FW Steel Co.,* 632 S.W.2d 706 (Tex.App.—Fort Worth 1982, no writ). Because no error in the service of appellant is apparent from the face of the record the first four points of error are overruled.

■ Appellant contends in his fifth point of error that the Local Rules of the Galveston County District Courts prohibited the trial court, the 306th Family District Court, from rendering default judgments in nondomestic matters. Rule I(d) provides: "each District Judge, except the Family District Judge, shall be presiding judge...." Rule I(d)(3) states that the duties of the presiding judge shall include hearing uncontested civil cases and default judgments. Rule I(h) states: "All suits authorized under the Family Code shall be filed in the 306th Family District Court." These rules do not prohibit the judge of the 306th District Court from entering default

judgments. They simply assign that responsibility to the other district courts.

■ Furthermore, TEX.REV.CIV.STAT. ANN. art. 200b § 2 (Vernon Supp.1985) grants the judges of district courts authority to hear and determine any matter pending in any other of the courts having district court jurisdiction, whether the matter is preliminary, or final, or after judgment in the matter. A district court judge may sign any judgment or order in any of the courts. This section grants the judge of the 306th District Court authority to enter default judgments. Section 3(b) of Article 200b prohibits judges from making rules of practice and procedure in the courts inconsistent with the statutes of this State. If the Local Rules were interpreted to prohibit the 306th District Court from entering default judgment in non-domestic suits, then the Local Rules would violate Section 3(b). Point of error five is overruled.

■ Appellant contends in his sixth point of error that default judgment was rendered before his answer was due. TEX.R. CIV.P. 101 provides that a defendant's written answer shall be filed "at or before 10 o'clock a.m. of the Monday next after expiration of twenty days after the date of service." Appellant was served on January 28. The twenty-day period expired on Sunday, February 17. The next Monday was February 18, a legal holiday. TEX.R. CIV.P. 4 extended the answer date to Tuesday, February 19. The default judgment was properly rendered after 11 o'clock a.m. on February 19.

Appellant argues that Rule 4 extended the 20 day period to Monday, February 18 and that the next Monday and answer date was Monday, February 25. For the reasons stated by the court in *Proctor v. Green*, 673 S.W.2d 390, 392 (Tex.App.—Houston [1st Dist.] 1984, no writ) we hold that Rule 4 does not apply to extend the twenty day period of Rule 101. Point of error six is overruled.

Appellant contends in point of error seven that there is no evidence, or alternatively, insufficient evidence to support the

damage award of $154,481. Appellees pled for damages for (1) pecuniary loss; (2) loss of the parent-child relationship (i.e. companionship); (3) mental anguish, past and future; and (4) burial expenses of $4,481. Although he did not plead for it, counsel for appellees orally requested at trial damages for the pain and suffering of appellees' son. Appellees requested judgment for damages of $154,481 as reasonable compensation for all the elements of damages stated above. The trial court granted judgment for the exact amount requested without specifying what portion of the amount was allocated to each category of damages. The fact that the trial court awarded exactly what appellees requested strongly implies that the trial court awarded some amount for each element of damages requested by appellees. This was error because three of the five elements of damages requested by appellees were not supported by evidence.

■ There is neither pleadings nor evidence of the conscious pain and suffering of appellees' son. Appellees offered as evidence of their funeral expenses a bill for $4,481. However, they offered no evidence to show that the bill was reasonable. See *Albright, Inc. v. Lowe*, 500 S.W.2d 190 (Tex.Civ.App.—Houston [14th Dist.] 1973, no writ). We do not believe that the match between the judgment of $154,481 and the bill of $4,481 was coincidental. It is clear that the judgment erroneously included the funeral expenses. Appellees also correctly conceded at oral argument on appeal that the evidence is insufficient to support an award for pecuniary loss. The measure for pecuniary loss in suits under the Wrongful Death Act is stated in *Begood v. Madalin*, 600 S.W.2d 773, 775 (Tex.1980):

It is well settled that under the Texas Wrongful Death Act a surviving parent is entitled to recover as actual damages for the death of a child only the pecuniary value of the child's services until he reaches his majority, less the cost and expense of the child's care, support, education and maintenance, and such sums as might be reasonably expected as con-

tributions after the child reached majority.

There is no evidence in the record of the cost and expense of the child's care, support, education, and maintenance or of the sums that could reasonably be expected as contribution after the child reached majority. The trial court's award of these elements of damages is reversible error.

Appellees presented some evidence of damages for mental anguish and loss of companionship. Mr. Garcia testified that the death of his son was a great shock, that he cried over it, that he missed his son and that he had been and still was feeling pain because of it. He stated that the week after the death he felt sick, had chest pains and high blood pressure and was seeking medical treatment for these conditions. Mrs. Garcia testified that Mr. Garcia screamed in the night for his son and that before his son's death he did not have chest pains and high blood pressure. Mrs. Garcia testified that after her son's death she had physical problems with her shoulders, chest and nerves and lost weight.

■ Appellees argue because the trial court made no findings of fact or conclusions of law, that this Court must presume that the trial court disregarded all incompetent evidence in deciding upon its award of damages. See *K-Mart Apparel Fashions Corp. v. Ramsey*, 695 S.W.2d 243 (Tex.App. [1st Dist.] 1985) and *Gerland's Food Fair, Inc. v. Hare*, 611 S.W.2d 113, 120 (Tex.Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). We cannot make this presumption in this cause because the record clearly indicates that the trial court considered incompetent and insufficient evidence of funeral expenses and pecuniary loss.

■ Because there is no evidence to support part of the damages awarded by the trial court, we sustain point of error seven. But because part of the damages is supported by some evidence, we cannot render judgment against appellees. Our only options are to reverse and remand or to grant a remittitur of damages.

■ Appellant contends in point of error eight that damages awarded were excessive in light of the evidence adduced and requests a remittitur of the damages. Because the trial court awarded damages in a lump sum there is no way to ascertain what portion of the damages the court erroneously awarded for pecuniary loss, funeral expenses, and conscious pain and suffering of appellees' son. To use a remittitur to cure the trial court's error, the amounts awarded for these elements must be capable of accurate ascertainment. *City of Dallas v. Pierson*, 450 S.W.2d 99, 104 (Tex.Civ.App.—Dallas 1970, no writ); *Texas & N.O.R. Co. v. Barham*, 204 S.W.2d 205, 209 (Tex.Civ.App.—Waco 1947, no writ); and *Texas Employers' Ins. Ass'n v. Lightfoot*, 139 Tex. 304, 162 S.W.2d 929 (1942). Therefore, a remittitur is not appropriate for this cause. Point of error eight is overruled.

We affirm the portion of the default judgment which assesses liability. We reverse the portion assessing damages in the amount of $154,481 and remand for a new trial of damages only.