Conaway v. Lopez 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-037-CV





CHARLES T. CONAWAY,



 APPELLANT


vs.





JOSE LOPEZ,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY, 



NO. 212,467, HONORABLE STEVE RUSSELL, JUDGE PRESIDING



 




 Charles T. Conaway, appellant, appeals by writ of error from a default judgment
rendered against him in favor of Jose Lopez, appellee. On appeal, Conaway complains, inter
alia, that the trial court rendered the default judgment before the deadline for filing his answer
had passed. We will reverse and remand.



FACTUAL AND PROCEDURAL BACKGROUND


 Lopez sued Conaway for breach of contract, conversion, negligence per se,
quantum meruit, and violation of the Deceptive Trade Practices Act, Tex. Bus. & Com. Code
Ann. § 17.46 (West 1987 & Supp. 1994). Conaway was served with citation on May 4, 1992. 
Pursuant to Rule 99 of the Texas Rules of Civil Procedure, the citation recited that Conaway's
deadline for filing an answer to the suit was 10:00 a.m. on the first Monday after the expiration
of twenty days after the date of service. Applying that formula in the present case, Conaway's
appearance day was May 25, 1992, which was a legal holiday. At 2:04 p.m. on the following
day, May 26, 1992, with no answer from Conaway being on file, the trial court rendered a default
judgment for Lopez for actual and punitive damages, interest, and attorney's fees. Conaway later
filed a motion for new trial, which the trial court overruled. Conaway attempted to appeal from
the judgment, but this Court dismissed that appeal because Conaway had not timely perfected the
appeal and had failed to secure a finding of the date on which he received notice of the default
judgment. See Conaway v. Lopez, 843 S.W.2d 732 (Tex. App.Austin 1992, no writ). Now,
by writ-of-error appeal, Conaway again brings the cause to this Court. The scope of review in
a writ-of-error appeal, although limited to error apparent on the face of the record, is the same
as in other methods of appeal. Gunn v. Cavanaugh, 391 S.W.2d 723, 724 (Tex. 1965).



DISCUSSION


 In his fifth point of error, Conaway asserts that the default judgment rendered
against him should be set aside because it was rendered before his answer was due. A default
judgment rendered before the defendant's answer is due must be reversed. Indeed, many cases
hold that such a judgment is void. See Surety Ins. Co. v. State, 514 S.W.2d 454, 457 (Tex. Crim.
App. 1974); Ramirez v. Ramirez, 554 S.W.2d 253, 254 (Tex. Civ. App.El Paso 1977, writ
dism'd); Sneed v. Box, 166 S.W.2d 951, 954 (Tex. Civ. App.Fort Worth 1942, no writ);
O'Boyle v. Bevil, 259 F.2d 506, 512 (5th Cir. 1958), cert. denied, 359 U.S. 913 (1959); see also
Roberts v. Roberts, 525 S.W.2d 268, 270 (Tex. Civ. App.Waco 1975, no writ); Davenport v.
Rutledge, 187 S.W. 988, 989 (Tex. Civ. App.Amarillo 1916, no writ); cf. Sublett v. Black, 617
S.W.2d 754, 756 (Tex. Civ. App.Houston [14th Dist.] 1981, writ dism'd) (holding that such a
judgment is "subject to attack"); Texas Alcoholic Beverage Comm'n v. Wilson, 573 S.W.2d 832,
835 (Tex. Civ. App.Beaumont 1978, writ ref'd n.r.e.) ("erroneous and must be set aside");
Andrus v. Andrus, 168 S.W.2d 891, 891-92 (Tex. Civ. App.Eastland 1943, no writ) ("erroneous
and must be set aside"). Accordingly, the default judgment in the present case cannot stand if it
was rendered before Conaway's deadline for filing his answer had passed.

 Citation was served on Conaway on May 4, 1992. Pursuant to the Rules of Civil
Procedure, he was required to file an answer "on or before 10:00 a.m. on the Monday next after
the expiration of twenty days after the date of service thereof." Tex. R. Civ. P. 99 (formerly
Tex. R. Civ. P. 101). Twenty days after May 4, 1992, was Sunday, May 24, 1992. The next
Monday, May 25, 1992, was Memorial Day, a legal holiday. (1) Tex. Gov't Code Ann.
§§ 662.003(a)(4), .021 (West 1994). Conaway argues that under Rule 4 of the Rules of Civil
Procedure, his answer was not due until the end of the next day, Tuesday, May 26, 1992. We
agree.

 The applicable language in Rule 4 is as follows:



In computing any period of time prescribed or allowed by these rules, . . . the last
day of the period so computed is to be included, unless it is a Saturday, Sunday or
legal holiday, in which event the period runs until the end of the next day which
is not a Saturday, Sunday or legal holiday.



Tex. R. Civ. P. 4. We conclude, first, that the formula prescribed by Rule 99 for determining
when a defendant's answer is due constitutes a "period of time prescribed or allowed by" the
Rules of Civil Procedure within the meaning of Rule 4. As the supreme court recently stated,
"Rule 4 could not be plainer: it applies to any period of time prescribed by the rules of
procedure." Lewis v. Blake, 37 Tex. Sup. Ct. J. 797, 798 (May 11, 1994). Accordingly, Rule
4 governed the computation of the period of time for Conaway to file his answer. See Solis v.
Garcia, 702 S.W.2d 668, 671 (Tex. App.Houston [14th Dist.] 1985, no writ); Proctor v. Green,
673 S.W.2d 390, 392 (Tex. App.Houston [1st Dist.] 1984, no writ). But see London v.
Chandler, 400 S.W.2d 862, 864 (Tex. Civ. App.Texarkana), writ ref'd n.r.e. per curiam, 406
S.W.2d 203 (Tex. 1966).

 In the present case, Lopez appears to concede the general applicability of Rule 4. 
He argues, however, that since Rule 99 requires that a defendant's answer be filed by 10:00 a.m.
on the Monday that would, under normal circumstances, be his appearance day, any extension
pursuant to Rule 4 should be only until 10:00 a.m. on "the next day which is not a Saturday,
Sunday or legal holiday." Here, that day was Tuesday, May 26. Because the default judgment
was rendered at 2:04 p.m. on May 26, Lopez argues that Conaway's time for filing his answer
had already passed and, therefore, the judgment is not defective on that basis. We reject this
interpretation of Rule 4.

 The language of Rule 4 is clear and unambiguous: when the last day of a
prescribed time period falls on a Saturday, Sunday, or legal holiday, the deadline is extended to
the "end of the next day which is not a Saturday, Sunday or legal holiday." Tex. R. Civ. P. 4
(emphasis added). Thus, we agree with a noted treatise on Texas law that "[i]f the Monday next
after the expiration of twenty days is a legal holiday, Rule 4 appears to contemplate that the
defendant will have the whole of the following day to answer." 2 Texas Civil Practice § 9:3, at
296 (Diane M. Allen et al. eds., 1992 ed.).

 Moreover, Rule 1 of the Rules of Civil Procedure instructs us to interpret the rules
liberally to "obtain a just, fair, equitable and impartial adjudication of the rights of litigants under
established principles of substantive law." Tex. R. Civ. P. 1. The rules should establish a
process of fair and just adjudications "where this can be done without doing violence to the rules
or injustice to the rights of the parties." Smirl v. Globe Labs., Inc., 188 S.W.2d 676, 678 (Tex.
1945); see also Bolduc v. National Union Fire Ins. Co., 839 S.W.2d 152, 154 (Tex.
App.Houston [1st Dist.] 1992, no writ). Thus, the standard for our construction of Rules 4 and
99 is to resolve any conflict in the rules with the objective of achieving a fair, just, and equitable
result. In the present circumstances, we conclude that the fairer reading of Rule 4 and Rule 99
is to follow the clear language of Rule 4 and extend the deadline for filing an answer to the end
of Tuesday rather than to 10:00 a.m. on that day.

 We recognize that a contrary result was reached in Solis v. Garcia, 702 S.W.2d
668 (Tex. App.Houston [14th Dist.] 1985, no writ). In that case the court held that, where the
Monday appearance day was a legal holiday, a default judgment rendered at 11:00 a.m. on the
following day was proper. Id. at 671. The court did not set forth its reasoning. We believe the
holding in Solis does not comport with the plain meaning of the language of Rule 4 or with a
liberal construction of the rules designed to accomplish a just and fair adjudication of the parties'
rights. Accordingly, we decline to follow that holding.

 We note also that, in modern practice, the 10:00 a.m. filing deadline contained in
Rule 99 has little, if any, remaining significance. The 10:00 a.m. deadline may originally have
been included in the Rules of Civil Procedure to conform to a now-forgotten court practice of
calling the "appearance docket" at 10:00 a.m. on Mondays. See State Bar Subcommittee on
Interpretation of Rules of Civil Procedure, Advisory Opinion, 5 Tex. B.J. 95 (1942). Or it may
have been included to resolve early confusion about precisely when a default judgment could be
taken after the appearance docket was called. Compare Graham v. Miller, 24 S.W. 1107 (Tex.
Civ. App. 1894, writ dism'd) with McKay v. Barlow, 18 S.W. 650 (Tex. App. 1892). Whatever
the original reason was, in today's practice the 10:00 a.m. deadline in Rule 99 appears to exist
only as a relic.

 We conclude that when a defendant's Monday appearance day under Rule 99 is a
legal holiday, Rule 4 operates to extend the deadline to the end of the next day that is not a
Saturday, Sunday, or legal holiday.

 In the present case, therefore, the default judgment rendered at 2:04 p.m. on
Tuesday, May 26, 1992, was improper, because Conaway's answer was not due until the end of
that day. Accordingly, we sustain Conaway's fifth point of error. As a result of this holding, we
do not reach appellant's other points of error. We reverse the judgment of the trial court and
remand the cause for further proceedings.



 J. Woodfin Jones, Justice

Before Justices Powers, Aboussie and Jones

Reversed and Remanded

Filed: June 8, 1994

Publish
1.   We assume without deciding that Rule 4, Tex. R. Civ. P., does not apply to the
"internal" twenty-day time period used in Rule 99 to calculate a defendant's appearance
day. Compare Proctor v. Green, 673 S.W.2d 390, 392 (Tex. App.Houston [1st Dist.] 1984,
no writ) with Cohen v. State, 858 S.W.2d 51, 52 (Tex. App.Houston [14th Dist.] 1993, writ
denied).