**Charles T. CONAWAY, Appellant,**

v.

**Jose LOPEZ, Appellee.**

No. 3–93–037–CV.

Court of Appeals of Texas, Austin.

June 8, 1994.

Rehearing Overruled Aug. 17, 1994.

R. Norvell Graham, Jr., San Antonio, for appellant.

William T. Peckham, Austin, for appellee.

Before POWERS, ABOUSSIE and JONES, JJ.

JONES, Justice.

Charles T. Conaway, appellant, appeals by writ of error from a default judgment rendered against him in favor of Jose Lopez, appellee. On appeal, Conaway complains, *inter alia*, that the trial court rendered the default judgment before the deadline for filing his answer had passed. We will reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

Lopez sued Conaway for breach of contract, conversion, negligence per se, quantum meruit, and violation of the Deceptive Trade Practices Act, Tex.Bus. & Com.Code Ann. § 17.46 (West 1987 & Supp.1994). Conaway was served with citation on May 4, 1992. Pursuant to Rule 99 of the Texas Rules of Civil Procedure, the citation recited that Conaway's deadline for filing an answer to the suit was 10:00 a.m. on the first Monday after the expiration of twenty days after the date of service. Applying that formula in the present case, Conaway's appearance day was May 25, 1992, which was a legal holiday. At 2:04 p.m. on the following day, May 26, 1992, with no answer from Conaway being on file, the trial court rendered a default judgment for Lopez for actual and punitive damages, interest, and attorney's fees. Conaway later filed a motion for new trial, which the trial court overruled. Conaway attempted to appeal from the judgment, but this Court dismissed that appeal because Conaway had not timely perfected the appeal and had failed to secure a finding of the date on which he received notice of the default judgment. *See Conaway v. Lopez*, 843 S.W.2d 732 (Tex. App.—Austin 1992, no writ). Now, by writ-of-error appeal, Conaway again brings the cause to this Court. The scope of review in a writ-of-error appeal, although limited to error apparent on the face of the record, is the same as in other methods of appeal. *Gunn v. Cavanaugh*, 391 S.W.2d 723, 724 (Tex. 1965).

## DISCUSSION

In his fifth point of error, Conaway asserts that the default judgment rendered against him should be set aside because it was rendered before his answer was due. A default judgment rendered before the defendant's answer is due must be reversed. Indeed, many cases hold that such a judgment is void. *See Surety Ins. Co. v. State*, 514 S.W.2d 454, 457 (Tex.Crim.App.1974); *Ramirez v. Ramirez*, 554 S.W.2d 253, 254 (Tex. Civ.App.—El Paso 1977, writ dism'd); *Sneed v. Box*, 166 S.W.2d 951, 954 (Tex.Civ.App.— Fort Worth 1942, no writ); *O'Boyle v. Bevil*, 259 F.2d 506, 512 (5th Cir.1958), *cert. denied*, 359 U.S. 913, 79 S.Ct. 590, 3 L.Ed.2d 576 (1959); *see also Roberts v. Roberts*, 525 S.W.2d 268, 270 (Tex.Civ.App.—Waco 1975, no writ); *Davenport v. Rutledge*, 187 S.W. 988, 989 (Tex.Civ.App.—Amarillo 1916, no writ); *cf. Sublett v. Black*, 617 S.W.2d 754, 756 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ dism'd) (holding that such a judgment is "subject to attack"); *Texas Alcoholic Beverage Comm'n v. Wilson*, 573 S.W.2d 832, 835 (Tex.Civ.App.—Beaumont 1978, writ ref'd n.r.e.) ("erroneous and must be set aside"); *Andrus v. Andrus*, 168 S.W.2d 891, 891–92 (Tex.Civ.App.—Eastland 1943, no writ) ("erroneous and must be set aside"). Accordingly, the default judgment in the present case cannot stand if it was rendered before Conaway's deadline for filing his. answer had passed.

■ Citation was served on Conaway on May 4, 1992. Pursuant to the Rules of Civil Procedure, he was required to file an answer "on or before 10:00 a.m. on the Monday next after the expiration of twenty days after the date of service thereof." Tex.R.Civ.P. 99 (formerly Tex.R.Civ.P. 101). Twenty days after May 4, 1992, was Sunday, May 24, 1992. The next Monday, May 25, 1992, was Memorial Day, a legal holiday.[1] Tex.Gov't Code Ann. §§ 662.003(a)(4), .021 (West 1994). Conaway argues that under Rule 4 of the Rules of Civil Procedure, his answer was not due until the *end* of the next day, Tuesday, May 26, 1992. We agree.

The applicable language in Rule 4 is as follows:

> In computing any period of time prescribed or allowed by these rules, ... the last day of the period so computed is to be included, unless it is a Saturday, Sunday or legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday or legal holiday.

Tex.R.Civ.P. 4. We conclude, first, that the formula prescribed by Rule 99 for determining when a defendant's answer is due constitutes a "period of time prescribed or allowed by" the Rules of Civil Procedure within the meaning of Rule 4. As the supreme court recently stated, "Rule 4 could not be plainer: it applies to *any* period of time prescribed by the rules of procedure." *Lewis v. Blake*, 876 S.W.2d 314, 316 (Tex.1994). Accordingly, Rule 4 governed the computation of the period of time for Conaway to file his answer. *See Solis v. Garcia*, 702 S.W.2d 668, 671 (Tex.App.—Houston [14th Dist.] 1985, no writ); *Proctor v. Green*, 673 S.W.2d 390, 392 (Tex.App.—Houston [1st Dist.] 1984, no writ). *But see London v. Chandler*, 400 S.W.2d 862, 864 (Tex.Civ.App.—Texarkana), *writ ref'd n.r.e. per curiam*, 406 S.W.2d 203 (Tex.1966).

In the present case, Lopez appears to concede the general applicability of Rule 4. He argues, however, that since Rule 99 requires that a defendant's answer be filed by 10:00

a.m. on the Monday that would, under normal circumstances, be his appearance day, any extension pursuant to Rule 4 should be only until *10:00 a.m.* on "the next day which is not a Saturday, Sunday or legal holiday." Here, that day was Tuesday, May 26. Because the default judgment was rendered at 2:04 p.m. on May 26, Lopez argues that Conaway's time for filing his answer had already passed and, therefore, the judgment is not defective on that basis. We reject this interpretation of Rule 4.

The language of Rule 4 is clear and unambiguous: when the last day of a prescribed time period falls on a Saturday, Sunday, or legal holiday, the deadline is extended to the "*end* of the next day which is not a Saturday, Sunday or legal holiday." Tex.R.Civ.P. 4 (emphasis added). Thus, we agree with a noted treatise on Texas law that "[i]f the Monday next after the expiration of twenty days is a legal holiday, Rule 4 appears to contemplate that the defendant will have the whole of the following day to answer." 2 *Texas Civil Practice* § 9:3, at 296 (Diane M. Allen et al. eds., 1992 ed.).

Moreover, Rule 1 of the Rules of Civil Procedure instructs us to interpret the rules liberally to "obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law." Tex.R.Civ.P. 1. The rules should establish a process of fair and just adjudications "where this can be done without doing violence to the rules or injustice to the rights of the parties." *Smirl v. Globe Labs., Inc.*, 144 Tex. 41, 188 S.W.2d 676, 678 (1945); *see also Bolduc v. National Union Fire Ins. Co.*, 839 S.W.2d 152, 154 (Tex. App.—Houston [1st Dist.] 1992, no writ). Thus, the standard for our construction of Rules 4 and 99 is to resolve any conflict in the rules with the objective of achieving a fair, just, and equitable result. In the present circumstances, we conclude that the fairer reading of Rule 4 and Rule 99 is to follow the clear language of Rule 4 and extend the deadline for filing an answer to the end of

---

1. We assume without deciding that Rule 4, Tex. R.Civ.P., does not apply to the "internal" twenty-day time period used in Rule 99 to calculate a defendant's appearance day. *Compare Proctor v.* *Green*, 673 S.W.2d 390, 392 (Tex.App.—Houston [1st Dist.] 1984, no writ) *with Cohen v. State*, 858 S.W.2d 51, 52 (Tex.App.—Houston [14th Dist.] 1993, writ denied).

Tuesday rather than to 10:00 a.m. on that day.

We recognize that a contrary result was reached in *Solis v. Garcia,* 702 S.W.2d 668 (Tex.App.—Houston [14th Dist.] 1985, no writ). In that case the court held that, where the Monday appearance day was a legal holiday, a default judgment rendered at 11:00 a.m. on the following day was proper. *Id.* at 671. The court did not set forth its reasoning. We believe the holding in *Solis* does not comport with the plain meaning of the language of Rule 4 or with a liberal construction of the rules designed to accomplish a just and fair adjudication of the parties' rights. Accordingly, we decline to follow that holding.

We note also that, in modern practice, the 10:00 a.m. filing deadline contained in Rule 99 has little, if any, remaining significance. The 10:00 a.m. deadline may originally have been included in the Rules of Civil Procedure to conform to a now-forgotten court practice of calling the "appearance docket" at 10:00 a.m. on Mondays. *See* State Bar Subcommittee on Interpretation of Rules of Civil Procedure, *Advisory Opinion,* 5 Tex.B.J. 95 (1942). Or it may have been included to resolve early confusion about precisely when a default judgment could be taken after the appearance docket was called. *Compare Graham v. Miller,* 24 S.W. 1107 (Tex.Civ.App.1894, writ dism'd) *with McKay v. Barlow,* 18 S.W. 650 (Tex.App.1892). Whatever the original reason was, in today's practice the 10:00 a.m. deadline in Rule 99 appears to exist only as a relic.

We conclude that when a defendant's Monday appearance day under Rule 99 is a legal holiday, Rule 4 operates to extend the deadline to the *end* of the next day that is not a Saturday, Sunday, or legal holiday.

In the present case, therefore, the default judgment rendered at 2:04 p.m. on Tuesday, May 26, 1992, was improper, because Conaway's answer was not due until the end of that day. Accordingly, we sustain Conaway's fifth point of error. As a result of this holding, we do not reach appellant's other points of error. We reverse the judgment of the trial court and remand the cause for further proceedings.

Reversed and Remanded.