**Opinion issued January 14, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00974-CV

———————————

**AAMCO TRANSMISSIONS, INC., Appellant**

**V.**

**JAMES A. BOVA, Appellee**

---

**On Appeal from the 113th District Court**
**Harris County, Texas**
**Trial Court Case No. 2013-77066**

---

## O P I N I O N

In this restricted appeal, AAMCO Transmissions, Inc. contends that it is apparent from the face of the record that the trial court erred by entering a no-answer default judgment. The ostensible error consists of the fact that default judgment rests

on the allegations of a petition that was amended to seek greater relief after the trial court orally rendered a default judgment. Finding no error, we affirm the judgment.

## Background

James Bova filed a petition against AAMCO and two of its employees alleging causes of action for intentional infliction of emotional distress, defamation, and negligence. He also alleged gross negligence and sought a maximum recovery of $2,000,000.

The original petition was served on AAMCO. AAMCO did not timely answer or otherwise make an appearance in the lawsuit, and Bova moved for entry of a default judgment against it. The court held an oral hearing on Bova's motion. After hearing testimony from Bova about his damages, the court indicated that it would render judgment against AAMCO and requested that Bova submit a proposed judgment for its consideration:

| The Court: | . . . In this interlocutory judgment, I will find actual damages in the amount of $210,000 and an additional punitive damage amount of $200,000. Okay? |
| --- | --- |
| [Bova's counsel]: | Fair enough, Your Honor. |
| The Court: | If you will, prepare and send to me a draft judgment making sure that it is an interlocutory judgment at this time, unless you decide you want to— |
| [Bova's counsel]: | —let these two guys go. |

The Court:           —do whatever you may want to do.

Bova subsequently filed an amended petition that omitted the two employee defendants. But he otherwise alleged the same causes of action and theories of recovery against AAMCO and sought the same maximum amount of recovery. At the same time Bova also filed a proposed final judgment against AAMCO, conforming to the trial court's instructions at the default-judgment hearing.

The trial court signed and entered a final judgment against AAMCO in which it awarded Bova $210,000 in actual damages and $200,000 in punitive damages. AAMCO timely brought this restricted appeal.

**Analysis**

To prevail in this restricted appeal, AAMCO must show that it filed its notice of appeal within six months of the date when the judgment was signed, was a party to the underlying suit, and did not participate in the default-judgment hearing or timely file postjudgment motions or request findings of fact or conclusions of law. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). It also must show that error is apparent from the face of the record. *Id.* Only this last element—whether error is apparent from the face of the record—is at issue. The record consists of all of the papers on file in the appeal. *Norman Commc'ns v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam).

AAMCO argues it is apparent from the face of the record that the trial court erred by entering a no-answer default judgment for three reasons. AAMCO first contends that a defendant cannot be deemed to have admitted the allegations made in an unserved pleading, and that any default judgment rendered on the basis of an unserved pleading is therefore void. It contends in the alternative that, even if an unserved pleading may sometimes support a default judgment, this particular judgment is void because the unserved amended petition exposed it to greater liability than the original pleading that was served. Finally, AAMCO contends that the judgment is void because it was entered before the deadline to answer the unserved amended petition had expired.

## I. Effect of amended petition

AAMCO contends that the default judgment was invalidated by the filing of an unserved amended petition.

## A. Effect of failing to serve live petition

In its first issue, AAMCO contends that "a defendant must be served the live petition upon which the default judgment is based," relying upon *Harris v. Shoults*, 877 S.W.2d 854 (Tex. App.—Fort Worth 1994, no writ), and *Caprock Construction Co. v. Guaranteed Floorcovering, Inc.*, 950 S.W.2d 203 (Tex. App.—Dallas 1997, no writ). Because AAMCO was served the original petition but was not served the amended petition, it reasons that the default judgment is invalid. However, a more

recent authority from the Supreme Court of Texas suggests the rule requiring service of the live petition does not categorically apply as suggested by AAMCO. In *Fidelity & Guaranty Insurance Co. v. Drewery Construction Co.*, 186 S.W.3d 571 (Tex. 2006) (per curiam), the Court observed in the context of a bill of review: "Service of an amended petition on a party that has not appeared is necessary only when a plaintiff 'seeks a more onerous judgment than prayed for in the original pleading.'" *Fidelity*, 186 S.W.3d at 574 (quoting *Weaver v. Hartford Accident & Indem. Co.*, 570 S.W.2d 367, 370 (Tex. 1978)); *see also Onwukwe v. Ike*, 137 S.W.3d 159, 165 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

Notably, the outcomes in both *Harris* and *Caprock* are consistent with *Fidelity* because the default judgments awarded in both of those cases came after the plaintiff had amended pleadings to seek a judgment more onerous than what was sought in the pleading that had been actually served. In *Harris*, the plaintiff filed a petition seeking a specific amount of property damages. *Harris*, 877 S.W.2d at 855. After the defendant failed to answer or appear, the plaintiff amended his petition to seek unspecified damages. *Id.* He then introduced proof in support of both property and personal-injury damages at the default-judgment hearing, and the trial court awarded the specific amount of property damages previously pleaded as well as more than six times that amount for personal injuries. *Id.* Similarly in *Caprock*, the unserved amended petition increased the defendant's exposure by adding a new plaintiff, *see*

5

*Caprock*, 950 S.W.2d at 205, and other decisions have characterized *Caprock* as a case in which the amended petition sought a more onerous judgment. *See, e.g.*, *State v. C.J.F.*, 183 S.W.3d 841, 851–52 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

Because a plaintiff is not required to serve an amended petition on a defendant that has not answered unless it seeks a more onerous judgment than the one requested in the superseded pleading, we overrule AAMCO's first issue. *See Fidelity*, 186 S.W.3d at 574; *Onwukwe*, 137 S.W.3d at 165.

**B.     More onerous judgment**

In its second issue, AAMCO argues that service of the amended petition was required in this case because it sought a more onerous judgment than the original petition sought. A judgment is more onerous if it exposes the defendant to increased liability. *Bennett v. Wood Cty.*, 200 S.W.3d 239, 241 (Tex. App.—Tyler 2006, no pet.). Increases in potential liability may result, for example, from the addition of new causes of action, inclusion of new elements of damages, or an increase in the amount of damages previously pleaded. *See, e.g.*, *Baten Erection Corp. v. Iron Workers' Pension Tr. Fund*, 608 S.W.2d 262, 263–64 (Tex. App.—Houston [1st Dist.] 1980, no writ).

AAMCO maintains that Bova's amendment sought a more onerous judgment in two ways. First, AAMCO contends that Bova's amendment sought increased

6

damages. Second, it contends that, by omitting the two employee defendants from his amended pleading, Bova necessarily exposed AAMCO to increased liability. Neither contention has merit.

### 1. Allegation of increased damages

In his original petition, Bova sought both actual and punitive damages and pleaded a maximum amount of recovery of $2,000,000. AAMCO contends that Bova subsequently testified he sought a lesser amount of damages during the hearing on his motion for default judgment. It relies on the following exchange during Bova's testimony:

> [Bova's counsel]:  Are you asking this court for a million dollars for the damages that you've suffered?
>
> [Bova]:  Yes.

AAMCO further contends that, because the amended petition Bova filed after the hearing stated a maximum amount of recovery of $2,000,000, Bova's amended pleading sought a more onerous judgment.

But the question and answer upon which AAMCO relies, as well as the surrounding context, show that Bova and his counsel were discussing actual damages alone, rather than the total recovery sought. Shortly before the one-million-dollar question, counsel asked Bova what economic damages he had sustained. And the question at issue inquired whether Bova sought "a million dollars" for the damages he suffered. Punitive damages are awarded primarily to punish and deter,

not to compensate a plaintiff for the losses he has suffered. *Fairfield Ins. Co. v. Stephens Martin Paving, LP*, 246 S.W.3d 653, 666 (Tex. 2008). Thus, considered in context, counsel's inquiry as to whether Bova sought one million dollars for the damages he "suffered" cannot be construed to also encompass punitive damages. Bova's testimony, therefore, does not contradict or amend the larger maximum amount of recovery stated in each of his petitions.

The face of the record refutes AAMCO's contention that Bova sought increased damages in his amended petition. The rule requiring service of an amended petition that seeks a more onerous judgment than the pleading it replaces requires a comparison of the superseded pleading with its amended version. *See Fidelity*, 186 S.W.3d at 574. In this case, the record shows that Bova stated a maximum recovery of $2,000,000 in both his original and amended petitions.

### 2. Effect of nonsuiting individual defendants

AAMCO also argues that even if Bova sought only a small recovery from the employee defendants in his original petition, their absence from the amended one necessarily increased its potential liability because it consequently bore all liability for damages as the sole remaining defendant.

In both his original and amended petitions, Bova sought a maximum recovery of $2,000,000. In the original petition, he sought these damages from AAMCO and two of its employees. In his amended one, he sought to recover from AAMCO alone.

As authority for its argument that nonsuiting two individual defendants meant the amended petition sought a more onerous judgment, AAMCO relies on a definition of "onerous" from *Black's Law Dictionary* and *Bennett v. Wood County*, 200 S.W.3d 239 (Tex. App.—Tyler 2006, no pet.). The dictionary definition on which AAMCO relies defines "onerous" as "excessively burdensome or troublesome; causing hardship." BLACK'S LAW DICTIONARY 1122 (8th ed. 2004). *Bennett* characterizes a "more onerous judgment" as "anything that exposes defendant to additional liability." *Bennett*, 200 S.W.3d at 240–41.

We disagree with AAMCO's argument that the nonsuit of two potentially jointly liable defendants makes an amended petition's prayer for relief more onerous. When a tort claimant alleges that multiple defendants caused his injuries by committing various torts, each defendant potentially is exposed to the maximum amount of liability sought by the plaintiff under our system of proportionate responsibility because the factfinder may find the others are free of responsibility. TEX. CIV. PRAC. & REM. CODE § 33.003(a). Accordingly, in tort suits, the omission of one or more defendants from an amended petition does not necessarily increase the exposure of the remaining defendants even when the maximum recovery sought remains the same. The remaining defendants were exposed to that amount of liability all along. *Id.* In addition, given that the remaining defendants may designate the newly omitted defendants as responsible third parties and have the trier of fact assess

9

their proportionate responsibility, any remaining defendant is not deprived of the opportunity to reduce its share of damages by placing the blame on these omitted parties. *Id*. §§ 33.003–.004, 33.012(a). In short, in a typical tort suit, the omission of one or more defendants from an amended petition standing alone does not alter the maximum potential exposure of the remaining ones.

Even though AAMCO's alleged vicarious liability for its employees' conduct could have rendered the proportionate-responsibility statute inapplicable to Bova's original petition, it would remain the case that Bova's amended petition omitting the employee defendants did not seek to impose a more onerous judgment on AAMCO. The reason that it is improper to allocate responsibility between an employer and its employees when vicarious liability is at issue is that vicarious liability is joint and several. *See, e.g.*, *Leyendecker & Assocs., Inc. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984); *Pierre v. Swearingen*, 331 S.W.3d 150, 154–55 (Tex. App.—Dallas 2011, no pet.). In other words, if the employee defendants named in Bova's original petition were acting within the scope of their employment as alleged, AAMCO would have been liable for the entire amount of any actual damages awarded. Therefore, the omission of these defendants from the amended petition could not expose AAMCO to greater liability for actual damages even if the proportionate-responsibility statute was inapplicable to the claims made by AAMCO in its original petition as a result of the employer-employee relationship. *See McKernan v.*

*Riverside Nat'l Bank, N.A.*, 858 S.W.2d 613, 615 (Tex. App.—Fort Worth 1993, no writ).

Bova also pleaded gross negligence and requested exemplary or punitive damages in both his original and amended petitions. Unlike liability for actual damages, liability for punitive damages is never joint and several, including when an employer is vicariously liable for its employees' torts. TEX. CIV. PRAC. & REM. CODE §§ 33.002(c)(2), 41.006; *see also Computek Comput. & Office Supplies, Inc., v. Walton*, 156 S.W.3d 217, 223–24 (Tex. App.—Dallas 2005, no pet.) (rejecting contention that Section 41.006 permitted an exception for closely related defendants, like a corporation and its president). So in any suit for damages involving multiple defendants, an award of punitive damages must be specific to a given defendant, and one defendant bears no responsibility for a punitive-damages award made against another. TEX. CIV. PRAC. & REM. CODE §§ 41.002(a), 41.006. Therefore, as with actual damages, the omission of the employee defendants from Bova's amended petition did not expose AAMCO to greater liability for punitive damages, because the employees could not have borne any responsibility for punitive damages assessed against AAMCO or vice versa.

We conclude Bova did not seek a more onerous judgment by way of his amended petition because the amendment did not expose AAMCO to increased liability. This remains true whether his tort claims were subject to the proportionate-

11

responsibility statute or fell outside of its scope due to the employer-employee relationship. It likewise remains true with respect to both actual and exemplary or punitive damages. Accordingly, we overrule AAMCO's second issue.

## II. Deadline to answer

Finally, in its third issue AAMCO contends the trial court erred by entering judgment before its answer to Bova's amended petition was due. The record indicates that the trial court signed and entered judgment 10 days after Bova filed his amended petition. Relying on *Conaway v. Lopez*, 880 S.W.2d 448 (Tex. App.— Austin 1994, writ ref'd), AAMCO argues that this renders the judgment void because its deadline to answer had not yet passed.

*Conaway*, however, is readily distinguishable. In *Conaway*, the trial court entered a default judgment against the defendant before the deadline to answer the original petition had passed. *Conaway*, 880 S.W.2d at 449–50. Thus, the defendant in *Conaway* was deprived of the opportunity to answer the suit before a judgment was entered. *Id.* In contrast, the default judgment in this case was entered more than four months after AAMCO was served with the original petition and citation. AAMCO had the opportunity to answer, but it failed to do so. In short, *Conaway* does not stand for the proposition that default judgments are void if entered before the deadline to answer a subsequent unserved amended pleading, and AAMCO has not cited any authority that does stand for this proposition. *See id.*

Moreover, the application of *Conaway* on these facts would be inconsistent with the procedural rules governing default judgment. Rules 107(h) and 239 of the Texas Rules of Civil Procedure provide that a default judgment may be entered "at any time after a defendant is required to answer" so long as the return of service has been on file with the clerk for 10 days prior to the entry of judgment. AAMCO was required to answer Bova's original petition in January 2014. The return of service was on file with the clerk more than four months before judgment was entered in June 2014. Therefore, the trial court did not err in entering judgment before the deadline to answer Bova's unserved amended petition passed. Accordingly, we overrule AAMCO's third issue.

## Conclusion

We conclude that AAMCO failed to show error on the face of the record. Therefore we affirm the trial court's judgment.

Michael Massengale
Justice

Panel consists of Chief Justice Radack and Justices Massengale and Brown.