**L. D. BAYLESS et al., Appellants,**

v.

**RICHARDSON HOSPITAL AUTHORITY,**
**dba Richardson General Hospital,**
**Appellee.**

**No. 4681.**

Court of Civil Appeals of Texas,
Eastland.

March 22, 1974.

Rehearing Denied April 12, 1974.

Thomas H. Hight, Hight & Hight, Dallas, for appellants.

Richard E. Gray, Thompson, Knight, Simmons & Bullion, Bryan J. Maedgen, Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellee.

RALEIGH BROWN, Justice.

Hildreth Bayless and husband, L. D. Bayless, seek damages for injuries she sustained as a result of an intermuscular injection in her left hip. The plaintiffs contend that the injection was so negligently and carelessly administered that the

sciatic nerve was affected and Hildreth Bayless' left leg became permanently paralyzed.

The original defendants in the cause were Richardson Hospital Authority, doing business as Richardson General Hospital, where Hildreth Bayless was a patient, Doctor D. L. McKellar, the treating physician and Doctors M. G. Glidewell and B. Kendrick West, consulting physicians. The cause against Doctors Glidewell and West was dismissed for want of prosecution and a plea of privilege was sustained as to Doctor McKellar. A summary judgment decreed that the plaintiff take nothing against Richardson Hospital Authority. From that order, Hildreth and L. D. Bayless appeal.

■ The hospital was created pursuant to the Hospital Authority Act, Article 4437e, Vernon's Ann.Tex.Civ.St. The thrust of appellants' position is that the defendant hospital is not entitled to governmental immunity because such a holding would be against the great weight of precedent in other jurisdictions; that Article 4437e, V.A.T.S., does not grant such immunity; and that the City of Richardson was acting in a proprietary capacity rather than performing a governmental function. These contentions have been rejected in Texas with approval by our Supreme Court.

In a like case, Childs v. Greenville Hospital Authority, 479 S.W.2d 399 (Tex.Civ. App. Texarkana 1972, writ ref. n. r. e.), the Texarkana court stated:

" . . . this court holds that the Greenville Hospital Authority performs a governmental function and is immune from tort liability."

This opinion of the Texarkana court relied strongly on two opinions by Judge Smedley. City of Dallas v. Smith, 130 Tex. 225, 107 S.W.2d 872 (Tex.Comm.App. 1937); and Gartman v. City of McAllen, 130 Tex. 237, 107 S.W.2d 879 (Tex.Comm. App.1937).

In City of Dallas v. Smith, supra, after reviewing other types of activities that had been held to be governmental rather than proprietary, the court concluded:

"If cities are exercising governmental powers when engaged in' sanitation, the prevention of crime, the enforcement of traffic laws and ordinances, the prevention of fires, and the enforcement of quarantine regulations, as the foregoing authorities hold, then certainly they are exercising governmental functions when they maintain and operate hospitals."

■ We also overrule appellants' point of error to the effect that the hospital's conduct constituted a nuisance. Appellants' cause of action is one of negligence and cannot be converted into a nuisance case merely by pleadings.

In Gonzalez v. City of El Paso, 316 S. W.2d 176 (Tex.Civ.App. El Paso 1958, no writ hist.) the Court said:

"It has often been held that a negligence case cannot be converted into a nuisance merely by so pleading."

See also Sears v. Colorado River Municipal Water District, 487 S.W.2d 810 (Tex. Civ.App. Eastland 1972, writ ref. n. r. e.).

Having considered all points of error, we overrule each.

The judgment is affirmed.