

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

March 14, 1975

The Honorable Eugene Russell
County Attorney
County of Burnet
Burnet, Texas 78611

Opinion No. H- 554

Re: Applicability of the Open
Meetings Act and the Open
Records Act to a hospital
authority.

Dear Mr. Russell:

You have asked whether a Hospital Authority, created by city ordinance pursuant to article 4437e, section 3, is a "governmental body" for purposes of the Open Meetings Act, article 6252-17, V.T.C.S., and the Open Records Act, article 6252-17a, V.T.C.S.

Both the Open Meetings Act and the Open Records Act define "governmental body" to include:

> . . . .

> . . . every deliberative body having rule-making or quasi-judicial power and classified as a department, agency, or political subdivision of a county or city. . .
> Art. 6252-17, sec. 1(c) and art. 6252-17a, sec. 2(1)(c).

In our opinion a Hospital Authority is a department or agency of the city which creates it. Two Texas courts have implicitly so held in the course of deciding that such an authority performs a governmental function and is immune from tort liability. Childs v. Greenville Hospital Authority, 479 S.W. 2d 399 (Tex. Civ. App. --Texarkana 1972, writ ref'd n. r. e.); Bayless v. Richardson Hospital Authority, 508 S.W. 2d 189 (Tex. Civ. App. --Eastland 1974, writ ref'd n. r. e.).

In reaching this result, the court in <u>Childs</u> reasoned that the State's exemption from tort liability "extends to municipal acts or functions performed as agent of the state." 479 S. W. 2d at 400. The Hospital Authority in <u>Childs</u> was created under article 4437e, V. T. C. S., and as the court described it, was "a body politic and corporate."

The determination that a Hospital Authority performs a governmental function and is an agent of the city which creates it for purposes of tort liability also controls its classification under the Open Meetings and Open Records Acts. Both articles 6252-17 and 6252-17a are remedial acts, intended to open government meetings and records to the public, and should be liberally construed to achieve their objective. <u>Toyah Independent School District v. Pecos-Barstow Independent School District,</u> 466 S. W. 2d 377 (Tex. Civ. App. --San Antonio 1971, no writ).

The Board of Directors which controls the authority is a deliberative body having rule-making power within the meaning of both Acts. Its powers include employment of an executive director and other employees, section 5, article 4437e, V. T. C. S.; constructing, operating, and maintaining hospitals, section 6; issuing revenue bonds and negotiating the terms and conditions therefor, sections 4 and 7.

## SUMMARY

A Hospital Authority created by city ordinance pursuant to article 4437e, V. T. C. S., is a "governmental body" for purposes of the Open Meetings Act, article 6252-17, V. T. C. S., and the Open Records Act, article 6252-17a, V. T. C. S.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg