The STATE of Texas, Appellant,

v.

Hugo A. TOUCHY, Appellee.

No. B2065.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

May 9, 1979.

Rehearing Denied May 30, 1979.

Mark White, Michael E. Stork, Asst. Atty. Gen., Austin, for appellant.

John W. O'Dowd, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and CIRE and COULSON, JJ.

COULSON, Justice.

The State of Texas filed this mandamus action to compel Judge Hugo Touchy, judge of the County Court at Law No. 3, Harris County, to comply with article 3266 § 7, Tex.Rev.Civ.Stat.Ann. This statute requires that in eminent domain cases, if no objections to the decision of the commissioners are timely filed,

the County Judge shall cause said decision to be recorded in the minutes of the County Court, and shall make the same the judgment of the court and issue the necessary process to enforce the same.

This case arose from the condemnation of a piece of property owned by Charles E.

Marquart. The special commissioners awarded Marquart the sum of $18,000 as compensation, and this decision was filed with the county judge on July 12, 1976.

Marquart filed his objections to the award on August 9, 1976. The State moved for judgment on the ground that the objections were required to be filed on August 2, and therefore were not timely filed. The trial judge, after considering the motion and Marquart's motion in opposition, declined to enter the decision of the commissioners as the judgment of the court. The State then filed a petition for mandamus in the 190th District Court, which petition was denied. This appeal followed.

A decision in this case involves the interpretation of article 3266 § 6, Tex.Rev.Civ. Stat.Ann. The section reads as follows:

If either party be dissatisfied with the decision, such party may, on or before the first Monday following the 20th day after the same has been filed with the county judge, file his objection thereto in writing, setting forth the grounds of his objection, . . . In computing the period of time prescribed or allowed by this Subdivision, the last day of the period so computed is to be included, unless it is a Saturday, Sunday or legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday.

The decision of the commissioners was filed on July 12, 1976. The twentieth day after this was Sunday, August 1. Appellant contends that the first Monday following this twentieth day was August 2, and that any objections filed after such date were untimely. Appellee urges that since the twentieth day was a Sunday, it was not to be counted, that the following day, Monday, August 2, became the twentieth day, and that the first Monday following that day was August 9. Appellee contends that therefore the objections were timely filed. We agree.

As originally, enacted, article 3266 contained no enlargement provision, and the supreme court held in 1962 that Rule 4, Tex.R.Civ.P., did not apply to eminent domain statutes. *Rayburn v. State,* 163 Tex. 450, 356 S.W.2d 774 (1962). Subsequently the article was amended to include a computation provision identical to that in Rule 4.

The significant phrase in this provision is "the period so computed". Appellant urges that this phrase refers to the twenty day period plus the Monday following, and that since the said Monday, August 2, was not a legal holiday, the enlargement provision did not become operative in this case. We hold that this language refers to the twenty day period exclusive of the first Monday following. This is a logical interpretation, for the reason that the final sentence provides for the last day of this period to fall on Saturday or Sunday. If appellant's interpretation were correct, the inclusion of the language, "unless it is a *Saturday, Sunday* or legal holiday" (emphasis added) would be meaningless, because the first Monday following could *never* fall on a Saturday or a Sunday, though it could fall on a legal holiday. It is presumed that the legislature intended every word used in a statute to be given effect. *Perkins v. State,* 367 S.W.2d 140 (Tex.Sup.1963). Our interpretation is in harmony with this maxim, since the last day of the twenty day period could fall on a Saturday, Sunday, or a legal holiday, thus giving meaning to all three possibilities, rather than just one.

Appellant suggests a situation in which the twentieth day after the decision is filed falls on a Thursday, with the following Monday being a legal holiday. In such a case, under our interpretation, the enlargement provision would not operate, since "the last day of the period so computed" is not a Saturday, Sunday, or legal holiday. Therefore the objections would be due on the first Monday following, a day when the courthouse is closed. Appellant suggests that this is contrary to the intent of the legislature, which was to assure that the objections were due on a day when the objecting party had access to the courthouse.

Appellant contemplates a situation in which *the day on which action is due* falls on a legal holiday. This is neither the circumstances treated by the statute nor the case before us. Our case, and the one to which the statute properly applies, is one in which the last day of a specified *intermediate period* (the *period* "so computed") falls on a legal holiday, with the action being due on a particular day following such period. Where legislative intent is supposed rather than expressed, and the statute is not ambiguous, our duty is to interpret the language of the statute as written, and we will not speculate about a fact situation, such as the one appellant suggests, which is not before us.

Accordingly we hold that the objections filed by Marquart were timely and the trial judge was not under a ministerial duty to enter the commissioners' award as the judgment of the court.

Judgment of the trial court is affirmed.

CIRE, J., not participating.