**Jay H. COHEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–92–01207–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 8, 1993.

Rehearing Denied July 29, 1993.

Terry P. Ayre, Houston, for appellant.

Bob Brown, Richard D. Naylor, Austin, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

**OPINION**

J. CURTISS BROWN, Chief Justice.

This is an appeal from an award in a condemnation proceeding. A panel of special commissioners determined the value of the property taken from the appellant, and the amount of damages to the remainder of his property, to be $85,000. The commissioners' award was filed on November 11, 1991. The appellant filed his objections to the award on December 6, 1991. After determining that the objections were not filed timely, the trial court entered judgment on the award. In his sole point of error, the appellant argues that the trial court erred by finding the objections were filed late.

A party must file objections to a commissioners' award by the Monday following the twentieth day after the award is filed with the trial court. The twentieth day following the filing of the award was Sunday, December 1. The appellant argues that since the twentieth day fell on a Sunday, it should not be counted. He argues that Monday, December 2 should be considered the twentieth day, and that his objections were not due until the following Monday, December 9. He relies on TEX.GOV'T CODE ANN. § 311.014 (Vernon 1988). That provision provides that if the last day of any period is a Saturday, Sunday or legal holiday, the period is extended to the next day that is neither a Saturday, Sunday or legal holiday.

The appellant also relies on *State v. Touchy*, 581 S.W.2d 773 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.),

a case involving a fact situation that was practically identical to the case at hand. In that case, the twentieth day after filing of the commissioners' award fell on Sunday, August 1. This court determined that since the twentieth day fell on a Sunday, that Monday, August 2 should have been counted as the twentieth day. *Id.* at 774. Accordingly, the objections were not due until Monday, August 9.

In reaching our decision in *State v. Touchy,* this court applied the time provisions contained in Tex.Rev.Civ.Stat.Ann. art. 3326 § 6, the predecessor of Tex.Prop. Code Ann. § 21.018. The former provision provided that "in computing the period of time prescribed or allowed by this Subdivision, the last day of the time period so computed is to be included unless it is a Saturday, Sunday or legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday or legal holiday." We determined that the time period referred to in this provision is the twenty days. This conclusion was based on the simple logic that "the first Monday" following the expiration of twenty days could never fall on a Saturday or Sunday. *State v. Touchy,* 581 S.W.2d at 774. This interpretation was based on the presumption that the legislature intended every word in the statute to be given effect. *Id.* (*citing Perkins v. State,* 367 S.W.2d 140 (Tex.1963)).

The enlargement provision relied on in *State v. Touchy* was removed from the statute in 1984. However, the same language is contained in the Code Construction Act, Tex.Gov't Code Ann. § 311.014 (Vernon 1988), which applies to the Property Code. We do not believe that eliminating the language from the statute changed the substance of the law.

We recognize other opinions that have reached the opposite conclusion in applying the enlargement provision contained in Tex. R.Civ.P. 4 to the time provision for filing an answer to a lawsuit under Tex.R.Civ.P. 99 (formerly Tex.R.Civ.P. 101). *See Proctor v. Green,* 673 S.W.2d 390 (Tex.App.— Houston [1st Dist.] 1984, no writ); *Solis v. Garcia,* 702 S.W.2d 668 (Tex.App.—Hous-

ton [14th Dist.] 1985, no writ). However, the facts and the law in *State v. Touchy* and the present case are practically identical. Both involve the time within which a party must file objections to a commissioners' award in eminent domain proceedings. We believe that the logic employed in *State v. Touchy* was based on sound principles of statutory construction, and our decision in that case is controlling in the present case. Accordingly, we sustain the appellant's point of error, and reverse this case to the trial court for trial on the merits.