Roy **HUCKABAY** and Lucille **Huckabay,** Appellants,

v.

**IRVING HOSPITAL AUTHORITY d/b/a Irving Health Care System, a/k/a Irving Community Hospital, Appellee.**

No. 05–92–01511–CV.

Court of Appeals of Texas, Dallas.

Aug. 31, 1993.

---

Geno E. Borchardt & Jerry K. Sawyer, Ft. Worth, for appellants.

Stan Theibaud, Russell G. Thornton, and Teresa G. Bohne, Dallas, for appellee.

Before CHAPMAN, BARBER and WHITTINGTON, JJ.

## OPINION

CHAPMAN, Justice.

Appellants Roy Huckabay and Lucille Huckabay appeal the trial court's reduction of a jury award based on its holding that appellee Irving Hospital Authority d/b/a Irving Health Care System, a/k/a Irving Community Hospital, "IHA," was a "unit of local government" rather than a "municipality." In their sole point of error, appellants contend that the trial court erred in reducing the jury award because IHA is a function of the municipality. We overrule appellants' point of error. We affirm the trial court's judgment.

## FACTS

In September 1987, Roy Huckabay underwent surgery at the Irving Community Hospital to reattach his sternum. He returned on October 7, 1987, for x-rays. While positioning Roy at an x-ray screen, the x-ray technician forced Roy's chest and shoulders against the x-ray apparatus, causing his sternum to separate.

The jury awarded Roy $100,000 for pain and suffering, mental anguish, and physical impairment. In addition, the jury awarded Lucille $50,000 for loss of household services and loss of consortium. In reducing the jury's award to $100,000 plus post-judgment interest, the trial court stated that IHA was a unit of local government rather than a function of the municipality.

## ANALYSIS

The Huckabays contend that the trial court erred by reducing the jury award to $100,000 because IHA is a function of the municipality. IHA contends that it is a unit of local government, which makes it liable for damages not exceeding $100,000.

Section 101.023 limits the liability of a municipality to "money damages in a maximum amount of $250,000 for each person ..." TEX.CIV.PRAC. & REM.CODE ANN. § 101.023(c) (Vernon Supp.1993). Liability of a unit of local government under this chapter is limited to "money damages in a maximum amount of $100,000 for each person ..." TEX.CIV. PRAC. & REM.CODE ANN. § 101.023(b) (Vernon 1986).

■ The Huckabays claim that IHA is a function of the municipality because hospitals are listed under section 101.0215 regarding municipal liability. We disagree. We believe that section 101.0215 was created as a means of distinguishing between proprietary functions and governmental functions *after* determining that the function is in fact one of the municipality. Section 101.0215 of the Texas Civil Practices & Remedies Code states that a municipality:

> ... is liable under this chapter for damages arising from its governmental functions, which are those functions that are enjoined on a municipality by law and are given it by the state as part of the state's sovereignty, to be exercised by the municipality in the interest of the general public, including but not limited to:

> .   .   .   .   .

> (8) hospitals ...

TEX.CIV.PRAC. & REM.CODE ANN. § 101.0215 (Vernon 1992).

■ To apply section 101.0215 would be to bypass the issue of whether IHA is a function of the municipality or a unit of local government entirely. There is no indication that the legislature intended for section 101.-0215 to be determinative of whether a hospital is a function of a municipality or a unit of local government. It is the duty of this court to interpret the language of statutes as they are written; we cannot engage in speculation as to what the legislature intended. *See Fadia v. Unauthorized Practice of Law Comm.*, 830 S.W.2d 162, 166 (Tex.App.—Dallas 1992, writ denied); *State v. Touchy*, 581 S.W.2d 773, 774 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.). Therefore, we cannot assume that section 101.0215

sets forth a complete list of functions for which a municipality is liable. Section 101.0215 does not apply to the analysis of the issue before us.

■ We believe that section 101.001 applies to the instant case. A "governmental unit" includes:

. . . . .

(B) a political subdivision of this state, including any city, county school district, junior college district, levee improvement district, drainage district, irrigation district, water improvement district, water control and improvement district, water control and preservation district, freshwater supply district, navigation district, conservation and reclamation district, soil conservation district, and river authority; and

(C) any other institution, agency or organ of government the status and authority of which are derived from the constitution of Texas or from laws passed by the legislature under the constitution.

TEX.CIV.PRAC. & REM.CODE ANN. § 101.001 (Vernon 1991).

The legislature's authority to "create, establish, maintain, and operate hospital districts" composed of ". . . one or more counties or all or *any part* of one or more counties . . ." is derived from article IX, section 9 of the Texas Constitution. TEX. CONST. ART. IX, § 9. The City of Irving created IHA pursuant to Article 4437e of the Texas Revised Civil Statutes. SEE TEX.REV.CIV.STAT. ANN. art. 4437e (Vernon 1986) (repealed). In section 3, the legislature gave authority to the "Governing Body of a City . . . to create a Hospital Authority . . ." TEX.REV.CIV.STAT. ANN. art. 4437e(3) (Vernon 1986) (repealed). Because the hospital was created by authority granted to the City of Irving by the legislature, IHA is a unit of government as defined under section 101.001(2)(c) of the Civil Practices and Remedies Code. TEX.CIV. PRAC. & REM.CODE ANN. § 101.001(2)(c) (Vernon 1991). Therefore, liability of IHA is

limited to $100,000 as provided for under section 101.023(b). TEX.CIV.PRAC. & REM. CODE ANN. § 101.023(b) (Vernon Supp.1993).

■ The Huckabays cite *Childs v. Greenville Hospital Authority*, 479 S.W.2d 399 (Tex.Civ.App.—Texarkana 1972, writ ref'd n.r.e.) and *Bayless v. Richardson Hospital Authority*, 508 S.W.2d 189, 190 (Tex. Civ.App.—Eastland 1974, writ ref'd n.r.e.) in support of their argument that IHA is a municipality. Neither case is applicable. The Texarkana and Eastland courts of appeals did not address the issue of whether the hospitals were functions of the municipalities or units of local government. Instead, they addressed the issue of whether the hospitals were entitled to immunity because they performed governmental rather than proprietary functions. *Childs*, 479 S.W.2d at 400; *Bayless*, 508 S.W.2d at 190. The Huckabays contend that the courts in *Childs* and *Bayless* held that the municipal hospital authorities were performing governmental functions of the municipality and that this court should follow the language in *Childs* and *Bayless*. The language cited by the Huckabays in support of their argument is merely dicta, which we decline to follow.[1]

The Huckabays also cite *Guillory v. Port of Houston Authority*, 845 S.W.2d 812 (Tex. 1993), *cert. filed*, 61 U.S.L.W. 3836, (U.S. June 1, 1993) (No. 92–1904), in support of their argument. In *Guillory*, the supreme court addressed the issue of whether a port authority's liability is limited by the Texas Tort Claims Act. Petitioner John Guillory, a longshoreman, suffered injuries when the truck he was driving, leased from the Houston Port Authority, flipped into a ship's hold. Guillory sued the Port Authority, claiming damages for personal injuries. The jury awarded damages in excess of $750,000. The court of appeals limited Guillory's recovery to $100,000, stating that the port authority was a political subdivision of the state which could

---

1. Similarly, IHA cites *Huckabay v. Irving Hosp. Found.*, 802 S.W.2d 758 (Tex.App.—Dallas 1990, writ denied), stating that this court has already held that the hospital is a governmental unit within section 101.001(2)(c). IHA contends that the law of the case doctrine applies and, as a result, this court is bound by its prior decision. We disagree. This court's language in the prior *Huckabay* appeal of a summary judgment is merely dicta, under which the law of the case doctrine does not apply.

act only in a governmental, not a proprietary, capacity. *Id.* at 813. The supreme court affirmed the court of appeal's judgment.

Guillory argued that a distinction should be made between governmental and proprietary activities, even when they are performed by units of government created by the legislature. *Id.* at 814. The supreme court did not address the issue of whether the Houston Port Authority was a function of the municipality or a unit of local government in *Guillory*. In our case, the sole issue is whether IHA is a function of the municipality rather than a unit of local government. Therefore, we conclude that *Guillory* is not on point for the analysis of the issue before us. We overrule the Huckabays' point of error.

We affirm the trial court's judgment.