**Glynn M. MANNING and Linda Manning, Appellants,**

v.

**AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., Appellee.**

No. 10–93–265–CV.

Court of Appeals of Texas, Waco.

May 10, 1995.

Rehearing Overruled May 31, 1995.

Roger Knight, Jr., Madisonville, Don Weitinger, Weitinger & Weitinger, Houston, Thomas Hamrick & Michael W. Lee, Hamrick, Lee & Bailey, Houston, W. James Kronzer & David M. Gunn, Houston, R. Matt Dawson, Corsicana, Erwin A. Elias, Dallas, for appellants.

Jack D. Ballard & Rosemarie Donnell, Andrews & Kurth, L.L.P., Houston, Louis S. Muldrow, Waco, Dan L. Nicewander, Dallas, Don Kraemer, Huntsville, for appellee.

Before VANCE, JOHN G. HILL (Assigned) and JACKSON B. SMITH, Jr. (Assigned), JJ.

## OPINION

JOHN G. HILL, Justice (Assigned).

Glynn M. Manning and Linda Manning appeal from a summary judgment that they take nothing as to American Express Travel Related Services, Inc., the appellee, and from the trial court's denial of their cross-motion for partial summary judgment. They contend in two points of error that the trial court erred in granting American Express's motion and in denying theirs.

We affirm because the trial court did not err in granting summary judgment in favor of American Express and in denying summary judgment in favor of the Mannings because there is no prohibition against American Express charging both an annual fee and interest in excess of 10% where the consumer's balance is due in full each month.

American Express issues a credit card with which an American Express cardholder may make certain retail purchases. American Express charges an annual fee for the use of its card. Unlike many credit cards, American Express's agreement with its cardholders is that all balances are to be paid in full each month. American Express charges interest in excess of 10% on unpaid balances. A cardholder is not permitted to continue the practice of not paying the balance in full when due each month.

The Mannings contend that American Express violates the provisions of Title 79 of the Texas Revised Civil Statutes dealing with interest and consumer protection by charging its customers both an annual fee and interest in excess of 10% on unpaid balances. There are no factual issues. The only matter that was before the trial court and before this court is as to whether American Express violates the act by charging both an annual fee and interest in excess of 10% on unpaid balances.

American Express charges interest on unpaid balances under the authority of art. 5069–1.04, V.A.C.S. There is no provision in Chapter 1 of Title 79 that would directly prohibit American Express from charging an annual fee in addition to interest exceeding 10% on unpaid balances.

The Mannings make two arguments as to why American Express is prohibited from charging both an annual fee and interest in excess of 10%. They first refer us to art. 5069–1.04(n)(5), V.A.C.S., which provides that a creditor such as American Express that charges an interest rate based upon the authority of art. 5069–1.04 shall be subject to either the applicable chapter in Subtitle 2 of Title 79 or Chapter 15 of Title 79, as applicable. The Mannings contend that Chapter 6 of Subtitle 2 is applicable to American Express.

▮ The Mannings' argument that Chapter 6 prohibits American Express from charging both an annual fee and interest in excess of 10% on unpaid balances is premised upon the Mannings' contention that the American Express cardholder agreement is a retail credit card arrangement as defined by

art. 5069–6.01(p), V.A.C.S. The statute defines a retail credit card arrangement as "an arrangement, payable in one or more installments, pursuant to which a retail seller or credit card issuer gives to a retail buyer or lessee the privilege of using a credit card for the purpose of purchasing or leasing goods or services from that person, a person related to that person, others licensed or franchised to do business under his trade name or designation, or other persons authorized to honor the card. The term does not include arrangements operated pursuant to any other Chapter of this Title."

■ We conclude that because under American Express's cardholder agreement payments are due in one payment or installment, as opposed to one or more, the agreement does not fall within the definition of a retail credit card arrangement. The Mannings' assumption that it does fall within the definition is predicated upon the supposition that by using the term "payable in one or more installments" the legislature meant to include both arrangements that were payable in only one installment, such as that used by American Express, as well as agreements used by most other types of credit card issuers, where the purchaser is authorized to pay balances due in one or more installments. Interpretation of the definition as urged by the Mannings renders the phrase "payable in one or more installments" superfluous because the definition without the phrase would have included both types of agreements. In interpreting the statute, we are to give effect to all of it and not treat any of it as surplusage if possible. *Chevron Corp. v. Redmon,* 745 S.W.2d 314, 316 (Tex. 1987); *State v. Touchy,* 581 S.W.2d 773, 774 (Tex.Civ.App.1979, writ ref'd n.r.e.). We conclude that the legislature, by including the phrase, meant to limit its application to those cardholder agreements that allow the cardholder to pay unpaid balances in one or more installments, as opposed to those payable in full each month.

The Mannings question the purpose and meaning of 1979 amendments to art. 5069–6.01(p) if they were not made to make Chapter 6 applicable to third-party credit cards such as American Express. We conclude that the purpose of the amendments was to make Chapter 6 applicable to non-bank third-party credit cards that are payable in one or more installments. As we have indicated, American Express was not included because its cards are payable in only one installment.

The Mannings also refer to the use in art. 5069–1.04(n) of the phrase "payable in two or more installments" as indicating that the legislature was intending to include American Express in the definition of "retail credit card arrangement" by using the phrase "payable in one or more installments."

Art. 5069–1.04(n) deals with loan contracts, not open-end credit card accounts. In that context the phrase "payable in two or more installments" distinguishes between those loan contracts payable in more than one installment from those that might be payable in only one installment.

Here, the purpose of the amendments was to extend coverage of Chapter 6 to certain non-bank third-party credit cards. In that context, the legislature, in order to distinguish between cards on the basis of the number of installments, was required to use the term "payable in one or more installments" because in credit cards the distinction was between cards that are payable in only one installment or payment, such as American Express, and those cards that are "payable in one or more installments." We conclude that the legislature chose to distinguish between the two by making Chapter 6 applicable only to those payable in one or more installments. In this context the use of the phrase "payable in two or more installments" would have been less accurate with respect to such credit cards because the credit card holder under such arrangements typically has the right to pay in a single installment.

■ Art. 5069–6.08 provides that Chapter 6 applies exclusively to retail installment transactions as defined in art. 5069–6.01. A retail installment transaction is defined in art. 5069–6.01(e) as "any transaction in which a retail buyer purchases goods or services from a retail seller pursuant to a retail installment contract or retail charge agreement, as defined in this Article, which provides for a time price differential, as defined

in this Article, and under which the buyer agrees to pay the unpaid balance in one or more installments, together with a time price differential. The term includes transactions made pursuant to a retail credit card arrangement as defined in this Article...." As defined in art. 5069–6.01(h), "time price differential" only has application to an amount payable for the privilege of purchasing goods or services to be paid for by the buyer in installments over a period of time or an amount paid as consideration for accepting payment in installments over time for goods and services charged under a retail credit card arrangement. The American Express cardholder agreement does not involve a time price differential because it does not provide for payment by installments over a period of time and because, as previously discussed, it is not a retail credit card arrangement. For these same reasons, it is also not a retail installment transaction. Consequently Chapter 6 has no application to transactions made pursuant to the American Express cardholder agreement.

The Mannings alternatively argue that art. 5069–1.04(n)(5) bars a creditor such as American Express from charging an annual fee as well as interest in excess of 10% by making the bar against annual fees, a bar contained in other chapters, applicable to it even though not applicable by the express provisions of those chapters. As previously noted, art. 5069–1.04(n)(5) provides that those charging interest under the authority of art. 5069–1.04 shall be subject to "either the applicable Chapter in Subtitle 2 of this Title or Chapter 15 of this Title, as applicable." The Mannings' interpretation would in effect ignore the express provisions of the statute, which provide that such creditors are to be governed by "applicable" provisions of the statutes mentioned. There being no applicable provisions in Subtitle 2 or Chapter 15, American Express transactions are not governed by them. Therefore, there is no prohibition against American Express charging an annual fee as well as charging in excess of 10% on unpaid balances.

The Mannings argue that no point is made by the use of the term "applicable Chapter" or "as applicable" in art. 1.04(n)(5) if it were meant, as it appears, to only include those transactions to which the other chapters already apply. We interpret the purpose of the provision to be to clarify that where not inconsistent with Article 1.04 the other chapters would still be applicable.

The Mannings place a great deal of reliance on Interpretive Letter 82–1, written in 1982 by the Texas Consumer Credit Commissioner. The main thrust of the letter was to show that it would be legal to have a one-installment credit agreement such as that maintained by American Express and charge an annual fee if the interest did not exceed the 10% annual rate. Only in one sentence at the end of the letter did the Commissioner conclude, without any reasoning other than a reference to the statute, art. 1.04(n), including art. 1.04(n)(5), that an annual membership fee would be improper if interest on unpaid balances exceeded 10%. The letter contained no discussion of the issues before us today, such as why American Express would be governed by other chapters even where those chapters are not applicable to its form of credit agreement, or the issue of whether the form of credit agreement used by American Express was within the statutory definition of a retail credit card arrangement. For the reasons that we have previously stated in this opinion, we hold that the conclusion of the Commissioner in Interpretive Letter 82–1 is incorrect.

Inasmuch as there is no prohibition against the charging of both an annual fee and interest in excess of 10% where the consumer's balance is due in full each month, the trial court did not err in granting summary judgment in favor of American Express and in denying summary judgment in favor of the Mannings. We overrule points of error numbers one and two.

The judgment is affirmed.