**AFFIRMED and Opinion Filed October 29, 2024**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-00439-CV**

**JOHN PANIAGUA AND HERMELINDA MARAVILLA CORONA,
JOSE CAMERINO MARAVILLA, SR., AND MARGARITA MARAVILLA,
INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVES OF THE
ESTATE OF JOSE CAMERINO MARAVILLA, DECEASED, AND AS
NEXT FRIEND OF S.L.M.S., E.H., L.A.S., AND J.J.M., MINORS,**
**Appellants**
**V.**
**WEEKLEY HOMES, LLC, Appellee**

**On Appeal from the 298th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-19-02097**

## MEMORANDUM OPINION

Before Justices Molberg, Carlyle, and Smith
Opinion by Justice Carlyle

This case is before the court on remand from the Texas Supreme Court, as we continue our review of the trial court's order granting summary judgment in favor of Weekley.

Weekley hired Leobardo Maravilla, an independent contractor, to install siding and perform cornice work on townhomes in a residential development in Dallas. Leobardo's work crew included his brother Jose Camerino Maravilla and

John Paniagua. The project worksite included several temporary electricity poles that provided electricity for workers' tools and other equipment during the construction process.

On May 31, 2016, rain had been falling intermittently in the area and there were lightning strikes nearby. Leobardo testified that Weekley's builder, John Holmes, instructed him to move aluminum scaffolding while it was raining so they could finish a particular part of the project before they left the job site. Mr. Holmes denied telling them they had to move the scaffolding in the rain. While Leobardo, Jose, and Paniagua were outside on a rain-soaked driveway moving the scaffolding, Jose was electrocuted to death and Paniagua was injured by an electric shock.

In our first opinion, we affirmed the trial court's summary judgment grant as to appellants' gross negligence claim, reversed the summary judgment grant on the negligence and premises liability claims, and reversed the trial court's denial of leave for appellants to late-file certain expert reports. *Paniagua v. Weekley Homes, LLC*, 693 S.W.3d 1 (Tex. App.—Dallas 2021) ["*Weekley I*"]. The Supreme Court reversed and remanded, concluding that this court should consider case law released after *Weekley I* regarding judicial admissions in adverse parties' pleadings. *Weekley Homes, LLC v. Paniagua*, 646 S.W.3d 821, 827 (Tex. 2022) (per curiam) ["*Weekley II*"].

On remand, we again concluded the summary judgment grant should be reversed, primarily based on our reading of appellants' petition and the relevant

evidence in light of *Los Compadres Pescadores, L.L.C. v. Valdez*, 622 S.W.3d 771 (Tex. 2021). *Weekley Homes, LLC v. Paniagua*, --- S.W.3d ---, 2022 WL 17261162 (Tex. App.—Dallas, Nov. 29, 2022) (mem. op.). The Supreme Court again reversed, this time clarifying the meaning of § 95.002(2), and holding that "the gravamen of the plaintiffs' claims is that Weekley negligently required the crew to continue working when the driveway was wet and at risk of being electrified and that the referenced 'dangerous condition' was the electrified driveway." *Weekley Homes, LLC v. Paniagua*, 691 S.W.3d 911, 916 (Tex. 2024) (per curiam) ["*Weekley IV*"].

The case is on remand for this court to consider whether the trial court erred by granting summary judgment for appellee Weekley Homes because there is a genuine and material fact question as to whether it (1) exercised or retained control over the work and (2) had knowledge of the danger or condition that caused the injuries and failed to adequately warn. *See* TEX. CIV. PRAC. & REM. CODE § 95.003; *Weekley IV*, 691 S.W.3d at 916. We affirm in this memorandum opinion because there is no evidence that Weekley had actual knowledge of the dangerous condition, as the Supreme Court has defined it. *See* TEX. R. APP. P. 47.4.

We review an order granting or denying a motion for summary judgment de novo. *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). Under Chapter 95, a property owner is not liable unless (1) the property owner exercises or retains some control over the manner in which the work is performed and (2) the owner had actual knowledge of the danger or condition resulting in the personal injury and failed to

–3–

adequately warn of it. TEX. CIV. PRAC. & REM. CODE § 95.003. Appellants had the burden to prove both elements and proving them is their sole means of recovery because Chapter 95 applies. *See Abutahoun v. Dow Chem. Co.*, 463 S.W.3d 42, 51–52 (Tex. 2015).

The "actual knowledge" requirement in § 95.003(2) makes it more difficult for a plaintiff to establish a property owner's liability under Chapter 95 than under the common law. *See Souders v. Exxon Mobil Corp.*, No. 01-21-00593-CV, 2024 WL 1404707, at *6 (Tex. App.—Houston [1st Dist.] Apr. 2, 2024, no pet.) (mem. op.) (citing *Oiltanking Houston, L.P. v. Delgado*, 502 S.W.3d 202, 209 (Tex. App.—Houston [14th Dist.] 2016, pet. denied)). "Actual knowledge requires knowledge that the dangerous condition existed at the time of the accident, as opposed to constructive knowledge, which can be established by facts or inferences that a dangerous condition could develop over time." *Ineos USA, LLC v. Elmgren*, 505 S.W.3d 555, 568 (Tex. 2016) (cleaned up). Knowledge that a condition or activity is potentially dangerous is not sufficient to establish actual knowledge. *Oiltanking Houston*, 502 S.W.3d at 212.

We first address whether by law of the case we have already answered the "actual knowledge" question. The law of the case doctrine is the "principle under which questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages." *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986) (citations omitted). Appellants did not challenge our conclusion

affirming the summary judgment grant as to their gross negligence claim before the Supreme Court and therefore, we are the court of last resort. *See Weekley II*, 646 S.W.3d at 826 n.3; *Lee v. Lee*, 44 S.W.3d 151, 154 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).

In our first opinion, we addressed appellants' issue regarding gross negligence, pursuant to which they had to prove Weekley's "actual, subjective awareness" of the peril. *Weekley I*, 693 S.W.3d at 22. We stated that "There is no evidence Mr. Holmes actually knew of any thunder or lightning at the time he left the job site or afterward, or that he actually knew thunder had occurred at the site earlier in the day. To the extent appellants contend Weekley's knowledge that it was raining at the time of the accident supports a reasonable inference of actual, subjective awareness of lightning, we disagree.[10] *See Medina* [*v. Zuniga*], 593 S.W.3d [238,] 247 [(Tex. 2019)]; *Ineos*, 505 S.W.3d at 568."[1] *Weekley I*, 693 S.W.3d at 22.

Our colleague in Houston has written an enlightening opinion describing the distinction between Chapter 95's "actual knowledge" and Chapter 41's "actual, subjective awareness." *See Souders*, 2024 WL 1404707, at *11–13 (Kelly, J., concurring). In short, the same legislature adopted both Chapters 95 and 41 during

---

[1] Our footnote 10 read: "We do not suggest appellants could meet their no-evidence summary judgment burden only by showing Weekley knew when and where lightning would strike. If the evidence showed that a witness at the job site heard thunder as Mr. Holmes was preparing to leave or that Mr. Holmes had been made aware of weather reports showing thunder or lightning in the area at that time, a different conclusion might be warranted. *See Medina*, 593 S.W.3d at 248."

the same session but used different phraseology to refer to what a party must prove to avail itself of—or avoid application of—the relevant chapter. *Id.* at *11–12. Considering the statutory scheme for damages we term to be "exemplary," "actual, subjective awareness" must constitute a higher bar than "actual knowledge," a concept long-known to the law and frequently used in the concepts of ordinary liability. *See id.* at *12.

Thus, our statements that no evidence showed Mr. Holmes "actually knew of any thunder or lightning"—insofar as they were exclusively part of our gross negligence discussion and conclusion that appellants did not meet the higher bar of "actual, subjective awareness"—are at best helpful judicial dicta regarding the "actual knowledge" issue. *See dictum (judicial)*, BLACK'S LAW DICTIONARY (12th ed. 2024) ( "An opinion by a court on a question that is directly involved, briefed, and argued by counsel, and even passed on by the court, but that is not essential to the decision and therefore not binding even if it may later be accorded some weight").

Our comments regarding "actual knowledge" led to our conclusion that the evidence did not rise to exemplary damage standards, and though they may have been sufficient in that endeavor, they were not necessary. In any event, our attention was not immediately focused on the lower threshold that the "actual knowledge" question presents, enmeshed as we were in the gross negligence discussion. The

statements are not the law of the case. *See Huckabay v. Irving Hosp. Auth.*, 879 S.W.2d 64, 66 n.1 (Tex. App.—Dallas 1993, writ dism'd by agr.).

That said, we stand by our statements that the record "does not show Weekley knew of [the thunder and lightning strikes in the area]." Mr. Holmes was at the job site but left before the electrocution. No evidence shows he perceived anything other than rain. And, defining the relevant condition as the electrified driveway, it follows that Weekley had no actual knowledge of that condition. *See Weekley IV*, 691 S.W.3d at 917. Finally, the late-filed expert reports, as we noted, do not contain any evidence supporting Weekley's knowledge. *See Weekley I*, 693 S.W.3d at 22. Thus, we conclude there is no evidence that Weekley had the "actual knowledge" required for Chapter 95 to attach.

We affirm the trial court's judgment.[2]


190439f.p05

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

---

[2] Given our holding, we need not address Weekley's renewed challenge to our earlier holding that the trial court abused its discretion by refusing to allow appellants to late-file the expert reports, a holding Weekley never challenged before the Supreme Court. *See* TEX. R. APP. P. 47.4; *Weekley II*, 646 S.W.3d at 825 n.2.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JOHN PANIAGUA AND
HERMELINDA MARAVILLA
CORONA, JOSE CAMERINO
MARAVILLA, SR., AND
MARGARITA MARAVILLA,
INDIVIDUALLY, AND AS
PERSONAL REPRESENTATIVES
OF THE ESTATE OF JOSE
CAMERINO MARAVILLA,
DECEASED, AND AS NEXT
FRIEND OF S.L.M.S., E.H., L.A.S.,
AND J.J.M., MINORS, Appellants

No. 05-19-00439-CV          V.

WEEKLEY HOMES, LLC, Appellee

On Appeal from the 298th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-19-02097.
Opinion delivered by Justice Carlyle.
Justices Molberg and Smith
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee WEEKLEY HOMES, LLC recover its costs of this appeal from appellants JOHN PANIAGUA AND HERMELINDA MARAVILLA CORONA, JOSE CAMERINO MARAVILLA, SR., AND MARGARITA MARAVILLA, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVES OF THE ESTATE OF JOSE CAMERINO MARAVILLA, DECEASED, AND AS NEXT FRIEND OF S.L.M.S., E.H., L.A.S., AND J.J.M., MINORS.

Judgment entered this 29th day of October, 2024.